# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

FIFTH THIRD BANCORP, an Ohio
corporation, and FIFTH THIRD BANK,
an Ohio banking corporation,

                         Plaintiffs,

              -v.-

CERTAIN UNDERWRITERS AT
LLOYD'S SUBSCRIBING TO POLICY
NUMBERS B0509QA048710 and
B0509QA051310, AXIS INSURANCE
COMPANY, FEDERAL INSURANCE
COMPANY, CONTINENTAL
INSURANCE COMPANY, FIDELITY
AND DEPOSIT INSURANCE COMPANY
and ST. PAUL MERCURY INSURANCE
COMPANY,

                       Defendants.

Case No. 1:14cv869

**ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT**

       Defendants Certain Underwriters at Lloyd's subscribing to Policy Numbers

B0509QA048710 and B0509QA051310 (hereinafter referred to as "Lloyd's"), AXIS Insurance

Company (hereinafter referred to as "AXIS"), and Federal Insurance Company (hereinafter

referred to as "Federal") ("Lloyd's", "AXIS" and "Federal" are hereinafter collectively referred

to as "Defendants") by their attorneys White, Getgey & Meyer Co., L.P.A. as and for their

Answer to the plaintiffs' First Amended Complaint, allege upon information and belief as

follows:

## NATURE OF THE ACTION

1.    Defendants deny each and every allegation contained in paragraph "1" of the First Amended Complaint, except admit that plaintiffs filed an action for indemnification and reimbursement.

## PARTIES

2.    Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "2" of the First Amended Complaint.

3.    Defendants deny each and every allegation contained in paragraph "3" of the First Amended Complaint, except admit that: Lloyd's are underwriting syndicates located in London, England; the Lloyd's syndicates severally subscribing to Policy No. B0509QA048710 are Syndicate Nos. 2488 and 2007; and the Lloyd's syndicates severally subscribing to Policy No. B0509QA051310 are Syndicate Nos. 2488, 1183 and 1084.

4.    Defendants deny each and every allegation contained in paragraph "4" of the First Amended Complaint, except admit that: AXIS is an insurance company organized and existing under the laws of the State of Illinois with its principal place of business in Georgia; AXIS transacts business in the State of Ohio; and that AXIS severally subscribes to Policy Nos. B0509QA048710, B0509QA051310 and 81906760.

5.    Defendants admit the allegations contained in paragraph "5" of the First Amended Complaint.

6.    Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "6" of the First Amended Complaint.

19696377v1

7.      Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "7" of the First Amended Complaint.

8.      Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "8" of the First Amended Complaint.

**JURISDICTION**

9.      Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "9" of the First Amended Complaint. In addition, Defendants refer all issues of law to the Court.

**VENUE**

10.      Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "10" of the First Amended Complaint. In addition, Defendants refer all issues of law to the Court.

**FACTUAL BACKGROUND**

11.      Defendants deny each and every allegation contained in paragraph "11" of the First Amended Complaint, except admit that: certain defendants severally subscribed to Policy Number B0509QA048710 which was issued to Fifth Third Bancorp for the policy period of July 1, 2010 to July 1, 2011 (the "Primary Bond"); that certain defendants severally subscribed to Policy Number B0509QA051310 which was issued to Fifth Third Bancorp for the policy period of July 1, 2010 to July 1, 2011 (the "First Excess Bond"); and that certain defendants severally subscribed to Policy Number 81906760 which was issued to Fifth Third Bancorp for the policy period of July 1, 2010 to July 1, 2011 (the "Second Excess Bond").  The "Primary Bond", "First Excess Bond" and the "Second Excess Bond" are collectively referred herein to as "the Bonds".

3

In addition, Defendants refer to the Bonds for their terms, conditions and exclusions and refer all issues of law and contract construction to the Court.

12. Defendants deny each and every allegation contained in paragraph "12" of the First Amended Complaint, except admit that the Bonds were issued to Fifth Third Bancorp. In addition, Defendants refer to the Bonds for their terms, conditions and exclusions and refer all issues of law and contract construction to the Court.

13. Defendants deny each and every allegation contained in paragraph "13" of the First Amended Complaint, except admit that the policy period for the Bonds is July 1, 2010 to July 1, 2011. In addition, Defendants refer to the Bonds for their terms, conditions and exclusions and refer all issues of law and contract construction to the Court.

14. Defendants deny each and every allegation contained in paragraph "14" of the First Amended Complaint.

15. Defendants deny each and every allegation contained in paragraph "15" of the First Amended Complaint. In addition, Defendants refer to the Primary Bond for its terms, conditions and exclusions and refer all issues of law and contract construction to the Court.

16. Defendants deny each and every allegation contained in paragraph "16" of the First Amended Complaint. In addition, Defendants refer to the First Excess Bond for its terms, conditions and exclusions and refer all issues of law and contract construction to the Court.

17. Defendants deny each and every allegation contained in paragraph "17" of the First Amended Complaint, except admit that the Second Excess Bond contains a $50 million limit of liability and further answering refer to the Second Excess Bond for its terms, conditions and exclusions and refer all issues of law and contract construction to the Court.

4

18.     Defendants admit the allegations contained in paragraph "18" of the First Amended Complaint.

19.     Defendants admit the allegations contained in paragraph "19" of the First Amended Complaint, and further answering state that: policy numbers 81598950 and 81906759 and the Second Excess Bond are collectively referred to herein as the "Federal Bonds"; and that the Bonds and the Federal Bonds are collectively referred herein to as the Fifth Third Bancorp Bonds.

20.     Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "20" of the First Amended Complaint.

## MATTHEW ROSS' DISHONEST AND FRAUDULENT ACTS

21.     Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "21" of the First Amended Complaint.

22.     Defendants deny each and every allegation contained in paragraph "22" including subparts "a" through "l" of the First Amended Complaint.

## FINANCIAL BENEFIT

23.     Defendants deny each and every allegation contained in paragraph "23" including subparts "a" through "e" of the First Amended Complaint.

## LOSSES

24.     Defendants deny each and every allegation contained in paragraph "24" of the First Amended Complaint.

19696377v1

## ADDITIONAL FACTS PERTINENT TO COVERAGE

25.     Defendants deny each and every allegation contained in paragraph "25" of the First Amended Complaint, except admit that Fifth Third Bancorp provided Marsh USA, Inc. with a "Notice of Claim" regarding Matthew Ross dated February 8, 2011.  In addition, Defendants refer the Court to the Fifth Third Bancorp Bonds for their terms, conditions and exclusions and refer all issues of law and contract construction to the Court.

26.     Defendants deny each and every allegation contained in paragraphs "26" of the First Amended Complaint, except admit that plaintiffs provided Defendants with a Proof of Loss on October 17, 2011, and that plaintiffs have provided Defendants with certain incomplete documents and information in response to requests for support for coverage.  In addition, Defendants refer the Court to the Fifth Third Bancorp Bonds for their terms, conditions and exclusions and refer all issues of law and contract construction to the Court.

27.     Defendants deny each and every allegation contained in paragraph "27" of the First Amended Complaint.

28.     Defendants deny each and every allegation contained in paragraph "28" of the First Amended Complaint.

29.     Defendants deny each and every allegation contained in paragraph "29" of the First Amended Complaint, except admit that Defendants issued detailed coverage position letters to plaintiffs on April 23, 2014 and August 6, 2014 which set forth actual and potential coverage issues and defenses under the Fifth Third Bancorp Bonds regarding plaintiffs' claim relating to Matthew Ross, and that plaintiffs have not demonstrated a covered claim regarding Matthew Ross under the Fifth Third Bancorp Bonds.  In addition, Defendants refer the Court to the Fifth

6

Third Bancorp Bonds for their terms, conditions and exclusions and refer all issues of law and contract construction to the Court.

30.     Defendants deny each and every allegation contained in paragraph "30" of the First Amended Complaint.  In addition, Defendants refer the Court to the Fifth Third Bancorp Bonds for their terms, conditions and exclusions and refer all issues of law and contract construction to the Court.

31.     Defendants deny each and every allegation contained in paragraph "31" of the First Amended Complaint.

32.     Defendants deny each and every allegation contained in paragraph "32" of the First Amended Complaint.

## COUNT I
## BREACH OF CONTRACT

33.     In response to paragraph "33" of the First Amended Complaint, Defendants repeat, reiterate and reallege each and every response to the allegations contained in paragraphs "1" through "32" inclusive, with the same force and effect as if more fully set forth at length herein.

34.     Defendants deny each and every allegation contained in paragraph "34" of the First Amended Complaint.

35.     Defendants deny each and every allegation contained in paragraph "35" of the First Amended Complaint.

36.     Defendants deny each and every allegation contained in paragraph "36" of the First Amended Complaint.

19696377v1

37.    Deny each and every allegation contained in paragraph "37" of the First Amended Complaint.

## REMAINDER OF COMPLAINT

38.    The remaining allegations in the First Amended Complaint constitute a prayer for relief to which no response is required.  To the extent that a response is required, Defendants deny that plaintiffs are entitled to any relief. Except as expressly admitted, Defendants deny the allegations in the First Amended Complaint.  Further, Defendants incorporate their affirmative defenses and denials herein by reference.

## AFFIRMATIVE DEFENSES

39.    Defendants assert the affirmative defenses set forth below.  By pleading these affirmative defenses, Defendants do not intend to alter the burden of proof and/or burden of persuasion that otherwise exists with respect to any issues in this action.  Moreover, all affirmative defenses are pled in the alternative and do not constitute an admission of liability or that plaintiffs are entitled to any relief whatsoever.

## FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint, and each cause of action alleged therein, fails to state a cause of action against Defendants upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim for coverage within Insuring Agreement (A) (1) of the Primary Bond which provides that:

## FIDELITY

(A) (1) Loss resulting directly from dishonest or fraudulent acts,
            including but not limited to the malicious damage to or

8

destruction of Property covered under this bond, committed by an Employee acting alone or in collusion with others.

Notwithstanding the foregoing, however, if some or all of the Insured's loss results directly or indirectly from Loans and/or Trading it is agreed that this bond covers only loss resulting directly from dishonest or fraudulent acts committed by an Employee with the intent to make and which results in:

   i.    a financial benefit for the Employee, or

   ii.   a financial benefit for another person or entity with whom the Employee committing the dishonest or fraudulent act was in collusion, provided that the Insured establishes that the Employee intended to participate in the financial benefit, or

  iii.   the intentional transfer of funds or Property to the benefit of an innocent third party, committed by an Employee in the knowledge that such third party was not lawfully entitled to such funds or Property, and which Property is not lawfully recoverable by the Insured.

As used throughout the Insuring Agreement, financial benefit does not include any employee benefits including; salaries, commissions, fees, bonuses, promotions, awards, profit sharing or pensions.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim for coverage within Insuring Agreement (G) (1) of the Primary Bond which provides that:

### CLAIMS AND AUDIT EXPENSES

(G) (1)        Claims Expenses:

The Underwriters shall be liable for reasonable expenses, incurred by the Insured by reason of the Insured having retained, with the prior approval of the Underwriters, independent outside accountants or other non-legal experts to determine the amount and extent of a loss covered and paid under the bond. The Underwriters shall not be liable to reimburse the Insured for said expenses until payment for the covered loss is made.

9

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim for coverage within Insuring Agreement (G) (1) of the Primary Bond because they never sought or obtained Defendants' prior approval to retain independent outside accountants or other non-legal experts.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief may be granted, in whole or in part, because they have failed to meet or satisfy all of the conditions precedent to obtaining coverage under the Fifth Third Bancorp Bonds, including, but not limited to, Section 12 of the Conditions and Limitations section of the Primary Bond, which provides that the bond terminates as to any Employee as soon as any Chief Risk Officer, Office of Risk Management, Office of General Counsel, Internal Audit, Loan Review or any Executive Officer of the first named Insured not in collusion with such person, learns of any dishonest or fraudulent act committed by such person at any time, whether in the employment of the Insured or otherwise, whether or not of the type covered under Insuring Agreement (A), against: (i) the Insured; or (ii) any other person or entity.  For purposes of Section 12 of the Conditions and Limitations section of the Primary Bond, Dishonest or Fraudulent acts mean illegal acts which show a want of integrity or breach of trust, including acts in disregard of any employer's interest, which are likely to subject the employer to loss.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief may be granted, in whole or in part, because they have failed to meet or satisfy all of the conditions precedent to obtaining coverage under the Fifth Third Bancorp Bonds, including, but not limited to, Section 3 of the Conditions and Limitations section of the Primary Bond, which provides that the bond applies only to loss first discovered by the Chief Risk Officer, Office of Risk Management, Office of

10

General Counsel, Internal Audit, Loan Review or any Executive Officer of the first named Insured during the Bond Period (*i.e.*, July 1, 2010 to July 1, 2011).  Discovery occurs at the earlier of the Chief Risk Officer, Office of Risk Management, Office of General Counsel, Internal Audit, Loan Review or any Executive Officer of the first named Insured being aware of: (a) facts which a reasonable person would expect to result in loss of a type covered by the bond; or (b) an actual or potential claim in which it is alleged that the Assured is liable to a third party, regardless of when the act or acts causing or contributing to such a loss occurred, even though the amount of loss does not exceed the applicable Deductible Amount, or the exact amount or details of loss may not be known.  It is agreed that all reference in this Section 1 of the Policy to "knowledge or discovery by the Insured" shall mean as outlined above.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to state a claim upon which relief may be granted, in whole or in part, because they have failed to meet or satisfy all of the conditions precedent to obtaining coverage under the Fifth Third Bancorp Bonds, including, but not limited to, Section 5 of the Conditions and Limitations section of the Primary Bond, which provides that: (i) at the earliest practicable moment, not exceeding 90 days, after the Chief Risk Officer, Office of Risk Management, Office of General Counsel, Internal Audit, Loan Review or any Executive Officer of the first named Insured's discovery of loss, the Insured shall give the Underwriter notice thereof; (ii) within 6 months after such discovery, the Insured shall furnish to the Underwriter proof of loss, duly sworn to, with full particulars; and (iii) legal proceedings for the recovery of any loss hereunder shall not be brought prior to the expiration of 60 days after the original proof of loss is filed with the Underwriter or after the expiration of 36 months from the discovery of such loss.

19696377v1

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief may be granted, in whole or in part, because they have failed to meet or satisfy all of the conditions precedent to obtaining coverage under the Fifth Third Bancorp Bonds, including, but not limited to, Paragraph F of the General Agreements section of the Primary Bond, which provides that the Insured shall notify the Underwriter at the earliest practicable moment not to exceed 90 days after the Chief Risk Officer, Office of Risk Management, Office of General Counsel, Internal Audit, Loan Review or any Executive Officer of the first named Insured, receives notice of any legal proceeding brought to determine the Insured's liability for any loss, claim, or damage which, if established, would constitute a collectible loss under the bond, and which exceeds or in the reasonable opinion of the Chief Risk Officer, Office of Risk Management, Office of General Counsel, Internal Audit, Loan Review or any Executive Officer of the first named Insured, is likely to exceed USD 5,000,000.

## NINTH AFFIMATIVE DEFENSE

Section 9 of the Conditions and Limitations section of the Primary Bond provides that coverage under the Bond shall only apply as excess over any valid and collectible insurance or indemnity obtained by the Insured.

## TENTH AFFIRMATIVE DEFENSE

Section 11 of the Conditions and Limitations section of the Primary Bond provides that the Underwriter shall be liable hereunder only for the amount by which any Single Loss, as defined by Section 4, exceeds the Single Loss Deductible amount for the Insuring Agreement or Coverage applicable to such loss, subject to the Aggregate Limit of Liability and the applicable Single Loss Limit of Liability.

## ELEVENTH AFFIRMATIVE DEFENSE

The coverage afforded by Insuring Agreement (A) of the Primary Bond and Policy No. 81598950 is subject to a $7,500,000 single loss deductible.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief may be granted, in whole or in part, because they have failed to meet or satisfy all of the conditions precedent to obtaining coverage under the Fifth Third Bancorp Bonds, including, but not limited to, Section 11 of the Conditions and Limitations section of the Primary Bond, which provides that the Insured shall, in the time and in the manner prescribed in the Bond, give the Underwriters notice of any loss of the kind covered by the terms of this bond, which exceeds or in the reasonable opinion of the Chief Risk Officer, Office of Risk Management, Office of General Counsel, Internal Audit, Loan Review or any Executive Officer of the first named Insured is likely to exceed Five Million Dollars (USD 5,000,000), whether or not the Underwriters are liable therefor, and upon the request of the Underwriter shall file with it a brief statement giving particulars concerning such loss.

## THIRTEENTH AFFIMATIVE DEFENSE

Plaintiffs' claim is excluded, in whole or in part, by Section 2 (e) of the Conditions and Limitations section of the Primary Bond, which provides that the bond does not cover loss resulting directly or indirectly from the complete or partial non-payment of, or default upon, any Loan or transaction involving the Insured as a lender or borrower, or the extension of credit, including the purchase, discounting or other acquisition of false or genuine accounts, invoices, notes, agreements or Evidences of Debt, whether such Loan, transaction or extension was procured in good faith or through trick, artifice, fraud or false pretenses, except when covered under Insuring Agreements (A), (D), (E) or (J) of the Primary Bond.

13

## FOURTEENTH AFFIMATIVE DEFENSE

Plaintiffs' claim is excluded, in whole or in part, by Section 2 (h) of the Conditions and Limitations section of the Primary Bond, which provides that the bond does not cover loss caused by an Employee, except when covered under Insuring Agreement (A), or when covered under Insuring Agreement (B) or (C) and resulting directly from misplacement, mysterious unexplainable disappearance or destruction of or damage to Property.

## FIFTEENTH AFFIMATIVE DEFENSE

Plaintiffs' claim is excluded, in whole or in part, by Section 2 (u) of the Conditions and Limitations section of the Primary Bond, which provides that the bond does not cover all fees, costs and expenses incurred by the Insured: (i) in establishing the existence of or amount of loss covered under the Bond; or (ii) as a party to any legal proceeding whether or not such legal proceeding exposes the Insured to loss covered under the Bond, except for when covered under Claims Expenses as per Insuring Clause (G) (1).

## SIXTEENTH AFFIMATIVE DEFENSE

Plaintiffs' claim is excluded, in whole or in part, by Section 2 (v) of the Conditions and Limitations section of the Primary Bond, which provides that the bond does not cover indirect or consequential loss of any nature, except for loss of accrued interest and/or claims for which the Insured is legally liable.

## SEVENTEENTH AFFIMATIVE DEFENSE

Plaintiffs' claim is excluded, in whole or in part, by Section 2 (t) of the Conditions and Limitations section of the Primary Bond, which provides that the bond does not cover damages of any type for which the Insured is legally liable, except compensatory damages, but not multiples thereof, arising directly from a loss covered under the bond.

14

19696377v1

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is excluded, in whole or in part, by Section 2 (s) of the Conditions and Limitations section of the Primary Bond, which provides that the bond does not cover potential income, including but not limited to interest and dividends, not realized by the Insured, except for loss of accrued interest and/or dividends for which the Insured is legally liable.

## NINTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is excluded, in whole or in part, by Section 2 (a) of the Conditions and Limitations section of the Primary Bond, which provides that the bond does not cover loss resulting directly or indirectly from forgery or alteration, except when covered under Insuring Agreements (A), (D), (E), (F), (I) or (J).

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claim is excluded, in whole or in part, by Section 2 (p) of the Conditions and Limitations section of the Primary Bond, which provides that the bond does not cover loss resulting directly or indirectly from counterfeiting, except when covered by Insuring Agreements (A), (E) or (F).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to the relief requested, in whole or in part, with respect to the First Excess Bond and Policy No. 81906759 unless or until there is an exhaustion of the limits of liability of the Primary Bond and Policy No. 81598950.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to the relief requested, in whole or in part, with respect to the Second Excess Bond unless or until there is an exhaustion of the limits of liability of the Primary Policy, Policy No. 81598950, First Excess Bond and Policy No. 81906759.

19696377v1

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants' obligations under the Fifth Third Bancorp Bonds are several, and not joint, and each Defendants' liability is limited by their respective participation in the Fifth Third Bancorp Bonds.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendants are entitled to a set-off or credit for monies recovered by plaintiffs from any party responsible for plaintiffs' alleged losses.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to the relief requested, in whole or in part, by the terms, exclusions, conditions and limitations contained in the Fifth Third Bancorp Bonds, which are incorporated herein by reference.

## TWENTY-EIGHT AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate their alleged damages.

## TWENTY- NINTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief may be granted because plaintiffs' alleged loss or damages were known to, or discovered by, plaintiffs prior to the inception date of the Fifth Third Bancorp Bonds.

19696377v1

## THRTIETH AFFIRMATIVE DEFENSE

The First Amended Complaint fails to allege the circumstances relating to plaintiffs' claim regarding Matthew Ross with sufficient particularity to enable Defendants to determine whether they may have additional defenses, and Defendants reserve the right to assert additional defenses as are ascertained through discovery.

WHEREFORE, Defendants demand that the First Amended Complaint brought by plaintiffs against them be dismissed against them in its entirety, and that judgment be entered in their favor and against plaintiffs, and that they be awarded the costs of suit incurred hereunder, together with such other and further relief as the Court may deem just and proper.

Respectfully submitted,

   _/s/ David P. Kamp_____
David P. Kamp (OH 0020665)
Jean Geoppinger McCoy (OH 0046881)
Brian D. Goldwasser (OH0061926)
WHITE GETGEY & MEYER CO., L.P.A.
1700 Fourth & Vine Tower
One West Fourth Street
Cincinnati, OH  45202
dkamp@wgmlpa.com
jmccoy@wgmlpa.com
bgoldwasser@wgmlpa.com
Telephone (513) 241-3685
*Attorneys for Certain Underwriters at*
*Lloyd's Subscribing to Policy Numbers*
*B0509QA048710 and B0509QA051310,*
*AXIS Insurance Company, and Federal*
*Insurance Company*

19696377v1

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on this 4th day of February, 2015 upon all counsel through the Court's electronic filing system.

/s/ Brian D. Goldwasser
Brian D. Goldwasser (0061926)

18

19696377v1