IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| FIFTH THIRD BANCORP, an Ohio corporation, and FIFTH THIRD BANK, an Ohio banking corporation, | : : : : | Civil Action No.: 1:14-cv-869 |
| Plaintiffs, | : : | Judge: Sandra S. Beckwith |
| v. | : : | |
| CERTAIN UNDERWRITERS AT LLOYD'S SUBSCRIBING TO POLICY NUMBERS B0509QA048710 and B0509QA051310, AXIS INSURANCE COMPANY, FEDERAL INSURANCE COMPANY, CONTINENTAL INSURANCE COMPANY, FIDELITY AND DEPOSIT INSURANCE COMPANY and ST. PAUL MERCURY INSURANCE COMPANY, | : : : : : : : : : : : | **ST. PAUL MERCURY INSURANCE COMPANY'S ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES** |
| Defendants. | : : | |

Defendant, St. Paul Mercury Insurance Company ("Defendant"), by counsel, for its Answer and Affirmative Defenses to the First Amended Complaint (the "Complaint") filed by Plaintiffs, Fifth Third Bancorp and Fifth Third Bank (collectively, "Fifth Third"), states as follows:

## NATURE OF THE ACTION

1. This breach of contract action arises out of losses caused by the dishonest and fraudulent acts of Fifth Third Bank's former employee, Matthew P. Ross ("Ross"), and the failure of the Defendants to pay Plaintiffs for their losses pursuant to the terms of three Financial Institution Bonds covering the losses. By this action, Plaintiffs seek indemnification

and reimbursement for their losses and expenses based upon the Defendants' respective obligations under the Financial Institution Bonds to cover the losses caused by Ross.

**ANSWER:** Defendant admits that Fifth Third brings this action alleging breach of contract arising out of purported losses caused by alleged acts of a former employee, Matthew P. Ross ("Ross"). Defendant admits that Fifth Third alleges that it is entitled to funds pursuant to the terms of three Financial Institution Bonds. Defendant admits that Fifth Third seeks indemnification and reimbursement. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 of the Complaint and therefore denies same. Defendant denies any liability relating to Fifth Third's Complaint.

## PARTIES

2. Plaintiff, Fifth Third Bancorp, is an Ohio corporation and holding company which is the sole owner of Fifth Third Bank, an Ohio banking corporation. Fifth Third Bancorp and Fifth Third Bank each have their principal place of business in Cincinnati, Ohio.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and therefore denies same.

3. Defendants, Certain Underwriters at Lloyd's, subscribing to policy numbers B0509QA048710 and B0509QA051310 are insurance underwriting syndicates located in London, England, with offices in New York. The London Syndicates subscribing to Policy No. B0509QA048710 are Syndicate Nos. 2488 and 2007. The London Syndicates subscribing to Policy No. B0509QA051310 are Syndicate Nos. 2488, 1183 and 1084.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and therefore denies same.

4. Defendant, AXIS Insurance Company, is an insurance company incorporated in Illinois with its principal place of business in Georgia, transacting business in the State of Ohio. AXIS Insurance Company subscribed to Policy Nos. B0509QA048710, B0509QA051310, and 81906760.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and therefore denies same.

5. Defendant, Federal Insurance Company, is an insurance company incorporated in Indiana with its principal place of business in New Jersey, transacting business in the State of Ohio. Federal Insurance Company participates under Policy Nos. B0509QA048710, B0509QA051310 under the terms of concurrent Policy Nos. 81598950 and 81906759, respectively, and subscribed to Policy No. 81906760.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and therefore denies same.

6. Defendant, Continental Insurance Company (also known as CNA Insurance Company) is an insurance company incorporated in Illinois with its principal place of business in Illinois, and transacts business in the State of Ohio. Continental Insurance Company subscribed to Policy No. 81906760.

**ANSWER:** Defendant admits the allegations contained in Paragraph 6.

7. Defendant, Fidelity and Deposit Insurance Company of Maryland (also known as Zurich Insurance Company) is an insurance company incorporated in Maryland with its principal place of business in Illinois, and transacts business in the State of Ohio. Fidelity and Deposit Insurance Company of Maryland subscribed to Policy No. 81906760.

**ANSWER:** Defendant admits the allegations contained in Paragraph 7.

8. Defendant, St. Paul Mercury Insurance Company (also known as Travelers Insurance Company) is an insurance company incorporated in Connecticut with its principal place of business in Connecticut, and transacts business in the State of Ohio.  St. Paul Mercury Insurance Company subscribed to Policy No. 81906760.

**ANSWER:**  Defendant admits the allegations contained in Paragraph 8.

## JURISDICTION

9. Jurisdiction exists pursuant to 28 U.S.C. §1332 for the reason that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity between the Plaintiffs and Defendants.

**ANSWER:**  Defendant admits that, based upon Fifth Third's allegations, jurisdiction is proper.

## VENUE

10. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

**ANSWER:**  Defendant admits that, based upon Fifth Third's allegations, venue is proper.

## FACTUAL BACKGROUND

11. Plaintiffs purchased three Financial Institution Bonds issued by the Defendants which cover the losses at issue in this Complaint:

    a. Financial Institution Bond identified as Market Reference No. B0509QA048710 ("Primary Bond");

    b. Financial Institution Bond identified as Market Reference No. B0509QA051310 ("First Excess Bond"); and

   c. Financial Institution Bond identified as 81906760 ("Second Excess Bond") (collectively, the "Bonds"). True and correct copies of the Bonds are attached to this Complaint as Exhibits 1, 2 and 3, respectively, and are incorporated herein by reference. The Bonds were delivered and accepted in Cincinnati, Ohio, and by their specific terms are governed by Ohio law.

**ANSWER:** Defendant admits that Fifth Third purchased the three Financial Institution Bonds attached to the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 of the Complaint and therefore denies same.

  12. Fifth Third Bancorp and its affiliates and subsidiaries, including Fifth Third Bank, are insured under the Bonds for covered losses.

**ANSWER:** Defendant admits the allegations contained in Paragraph 12.

  13. The Bonds were issued for the term commencing July 1, 2010 to June 30, 2011.

**ANSWER:** Defendant admits the allegations contained in Paragraph 13.

  14. Within the term of each of the Bonds, losses covered under the Bonds were discovered by Plaintiffs.

**ANSWER:** Defendant denies the allegations contained in Paragraph 14.

  15. The Primary Bond provides coverage up to the policy limit of liability of $25 million.

**ANSWER:** The terms of the Primary Bond are set forth in that written document, which speaks for itself. Defendant denies all allegations contained in Paragraph 15 of the Complaint that are inconsistent with the foregoing.

16. The First Excess Bond provides coverage up to the policy limit of liability of $25 million.

**ANSWER:** The terms of the First Excess Bond are set forth in that written document, which speaks for itself. Defendant denies all allegations contained in Paragraph 16 of the Complaint that are inconsistent with the foregoing.

17. The Second Excess Bond provides coverage up to the policy limit of liability of $50 million.

**ANSWER:** The terms of the Second Excess Bond are set forth in that written document, which speaks for itself. Defendant denies all allegations contained in Paragraph 17 of the Complaint that are inconsistent with the foregoing.

18. Each of the Defendants participates in one or more of the Bonds as set forth in the respective Bonds.

**ANSWER:** Defendant admits the allegations contained in Paragraph 18.

19. In addition, Defendant, Federal Insurance Company, participates in the Primary Bond under the terms of Bond No. 81598950, a copy of which is attached as Exhibit 4, and participates in the 1st Excess Bond under the terms of Concurrent Policy No. 81906759, a copy of which is attached as Exhibit 5.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and therefore denies same.

20. In addition, RLI Insurance Company, an Illinois corporation, participates in the 1st Excess Bond and 2nd Excess Bond and has commenced a prior civil action in this Court with respect to its obligations under the Bonds, which is designated as Case No. 1:14cv802. Plaintiffs

6

have filed a Counterclaim against RLI Insurance Company in that pending action alleging the same breach of contract as set forth herein.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and therefore denies same.

### MATTHEW ROSS' DISHONEST AND FRAUDULENT ACTS

21. At all times relevant to this Complaint, Ross was employed by Plaintiff, Fifth Third Bank, where he became a Vice President in the Structured Finance Group.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and therefore denies same.

22. During his employment with Fifth Third Bank, Ross committed dishonest and fraudulent acts within the meaning of the Bonds, including without limitation:

    a. Ross failed to disclose a pre-existing and continuing financial and business relationship with Edward Netherland ("Netherland") whom Ross brought to Fifth Third Bank as a customer;

    b. Ross caused Fifth Third Bank to fund fraudulent loan facilities for the benefit of Netherland, InsCap Management LLC, and its affiliated entities ("InsCap") and other persons affiliated with InsCap;

    c. Ross proposed that Fifth Third Bank fund a credit facility designated as "LJPF II" to provide life insurance premium financing for use in the marketing, origination and sale of InsCap's "Ultra" insurance program. In securing Fifth Third Bank's credit approval, Ross made fraudulent misrepresentations to Fifth Third's management, including without limitation, that Fifth Third Bank's interests would be protected by "market" valuations of the policies by Life Asset Group and that the

7

servicing agent, LaSalle Bank, would serve as a fiduciary and be liable for losses stemming from "unacceptable" fundings under the Ultra program. Ross knew that these representations as to the "protections" provided to Fifth Third Bank under the Ultra program were not part of the program's design or structure, which was compelled by InsCap and to which Ross agreed;

      d.      Ross concealed from Fifth Third Bank management the close affiliation between InsCap and Life Asset Group and its owner, Gary Brecka, and subsequently misrepresented to Fifth Third Bank management that Life Asset Group would be replaced with a different valuation provider;

      e.      Ross colluded with InsCap and its principals in perpetrating fraud upon Fifth Third Bank by creating a program ("Ultra") which was not viable and could not generate revenues without the use of fraudulent valuations and fee payments which resulted in Fifth Third Bank's loans being substantially under-collateralized by actual policy values;

      f.      Ross further colluded with InsCap and its principals, including without limitation, Edward Netherland, Harish Raghavan and Ira Brody in perpetrating fraud upon Fifth Third Bank by creating and failing to disclose fraudulent documentation used to secure Ultra loans funded by Fifth Third Bank;

      g.      In collusion with InsCap's principals, Ross permitted the payment of fraudulent "credit fees" and other fraudulent payments from Fifth Third Bank fundings in the Ultra program for the benefit of InsCap's principals;

      h.      In collusion with InsCap's principals, Ross funded advances for the stated purpose of purchasing life insurance policies as collateral for loans when in fact

8

no life insurance policies were purchased and the required collateral to support the loans did not exist;

      i.      Ross conspired with InsCap's principals to create and furnish to Fifth Third Bank fraudulent financial reporting statements regarding the status of collateral in the LIPF II credit facility;

      j.      Ross colluded with InsCap's principals in the conversion of $2 million from an Ultra funding and misrepresented to Fifth Third Bank that the converted $2 million belonged to an InsCap principal and would serve as collateral for additional funds advanced by Fifth Third Bank to InsCap;

      k.      Ross failed to disclose, on a continuing and systematic basis, fraud occurring in connection with fundings from the LIPF II credit facility and concealed his role in the fraud thereby causing Fifth Third Bank to continue fundings under the LIPF II credit facility and increasing the losses sustained by Fifth Third Bank; and

      l.      Ross maintained ongoing financial business and personal transactions with InsCap principals, including Netherland, before, during and after the term of the LIPF II credit facility without disclosing such transactions to Fifth Third Bank.

**ANSWER:** Defendant denies the material allegations contained in Paragraph 22.

## FINANCIAL BENEFIT

23.      In committing dishonest and fraudulent acts in collusion with, and for the benefit of, InsCap and its principals and affiliates, Ross intended to, and in fact did receive, substantial financial benefits including, without limitation:

9

      a.      Receipt of the amount of $75,100 which was generated from the proceeds of an Ultra funding through the LIPF II credit facility which funding was approved by Ross;

      b.      Upon information and belief, Ross intended to receive and, in fact received. substantial financial benefits from "off the books" financial transactions with Netherland and other principals of InsCap including a $20,000 payment which Ross made to Netherland in 2007 shortly before the establishment of the LIPF II credit facility;

      c.      Upon information and belief, Ross received additional financial benefits all of which were paid from the excessive payments and benefits provided to InsCap and its principals out of the fraudulent fundings under the LIPF II credit facility and other InsCap credit facilities which were overseen by Ross;

      d.      Ross funded payments on InsCap's credit cards from InsCap's line of credit, which credit card charges included the payment for benefits received by Ross and which InsCap paid on Ross's behalf, all of which were concealed by Ross from Fifth Third Bank; and

      e.      On information and belief, Ross received additional financial benefits as a result of his dishonest and fraudulent acts.

**ANSWER:** Defendant denies the material allegations contained in Paragraph 23.

## LOSSES

24.     The total amount of the loss sustained by Plaintiffs is in excess of $100 million and exceeds the policy limits of liability under the Bonds.

**ANSWER:** Defendant denies the material allegations contained in Paragraph 24.

## ADDITIONAL FACTS PERTINENT TO COVERAGE

25. Notice of loss was given to Defendants on February 8, 2011, timely upon discovery of a covered loss under the Bonds.

**ANSWER:** Defendant admits that Fifth Third provided notice of loss to Defendant on February 8, 2011. Defendant denies the remaining allegations contained in Paragraph 25.

26. Plaintiffs submitted a timely sworn Proof of Loss to Defendants on October 17, 2011, and have supplemented the Proof of Loss since that date with additional information and documents on numerous occasions, including the providing of hundreds of thousands of documents in electronic form at considerable expense to Plaintiffs.

**ANSWER:** Defendant admits that Fifth Third submitted its Proof of Loss to Defendant on October 17, 2011. Defendant admits that since the filing of the Proof of Loss, Fifth Third has provided additional documents and information. Defendant denies the remaining allegations contained in Paragraph 26.

27. Plaintiffs have conducted a detailed investigation of the fraud perpetrated on Fifth Third Bank and Ross' involvement in the fraud and have furnished Defendants with the results of that investigation and otherwise fully cooperated with Defendants and fully responded to all requests by Defendants for information which Plaintiffs are able to provide.

**ANSWER:** Defendant, based upon information and belief, admits that Fifth Third conducted an investigation into the alleged fraud involving InsCap and provided certain information to Defendant regarding the alleged fraud involving InsCap. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 of the Complaint and therefore denies same.

28. Defendants have failed to investigate the claim in a reasonable or appropriate time or manner.

**ANSWER:** Defendant denies the allegations contained in Paragraph 28.

29. Defendants have maintained that Fifth Third has failed to demonstrate that Ross committed dishonest or fraudulent acts within the meaning of the Bonds despite the overwhelming evidence submitted by Plaintiffs supporting its claims of such dishonesty and fraudulent acts.

**ANSWER:** Defendant admits that it has maintained that Fifth Third has failed to demonstrate a loss covered under the terms of the Financial Institution Bonds. Defendant denies the remaining allegations contained in Paragraph 29.

30. Defendants have failed to advance payments for claims expenses to Fifth Third as required by the Bonds.

**ANSWER:** Defendant admits that it has not advanced payments for claims expenses, but states that it has a good faith basis to refrain from making such payments. Defendant denies the remaining allegations contained in Paragraph 30.

31. The losses constitute recoverable losses under the Bonds up to the full aggregate policy limits of the liability of the Bonds.

**ANSWER:** Defendant denies the allegations contained in Paragraph 31.

32. All of the elements, obligations and conditions precedent required under the Bonds have been met or performed.

**ANSWER:** Defendant denies the allegations contained in Paragraph 32

## COUNT I
## BREACH OF CONTRACT

33. Plaintiffs hereby adopt, incorporate and reiterate all of the preceding Paragraphs of this Complaint, as if fully set forth herein.

**ANSWER:** Defendant adopts, incorporates, and reiterates as if fully set forth the admissions, statements, and denials set forth in Paragraphs 1-32 above.

34. Losses exceeding the policy limits of liability under the Bonds have been incurred.

**ANSWER:** Defendant denies the allegations contained in Paragraph 34.

35. The Defendants have breached their contract as set forth in the Bonds by failing to pay any of the covered losses under the Bonds.

**ANSWER:** Defendant denies the allegations contained in Paragraph 35.

36. Defendants have acted in bad faith in breaching their contractual obligations to pay Plaintiffs under the Bonds by failing to acknowledge the overwhelming evidence of dishonest and fraudulent acts submitted by Plaintiffs in support of their claims.

**ANSWER:** Defendant denies the allegations contained in Paragraph 36.

37. As a direct and proximate result of this breach of contract, Defendants remain indebted to Plaintiffs for its insured losses in the full amount of the policy limits under the Bonds.

**ANSWER:** Defendant denies the allegations contained in Paragraph 37.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Any claim arising under Insuring Clause A of the primary financial institution bond effective July 1, 2010 through July 1, 2011 (identified as Market Reference No. B0509QA048710 and referred to herein as "Primary Bond") is, pursuant to Sections 4 and 11 therein, subject to a $7,500,000 deductible. Fifth Third is not entitled to recover unless it can establish a covered loss in excess of the applicable deductible.

### SECOND AFFIRMATIVE DEFENSE

Fifth Third cannot recover against Defendant unless it can establish a covered loss in excess of the Primary Bond and 1st Excess Bond and any recovery under the 2nd Excess Bond is limited to the single loss limit of liability.

### THIRD AFFIRMATIVE DEFENSE

Fifth Third cannot recover against Defendant unless it can establish a covered loss in excess of both the Primary Bond and the 1st Excess Bond. Any recovery under the 2nd Excess Bond is limited to the single loss limit of liability and Defendant's liability cannot exceed $10,000,000.

### FOURTH AFFIRMATIVE DEFENSE

Fifth Third cannot recover against Defendant unless it can establish a covered loss in excess of the Primary Bond and 1st Excess Bond except to the extent that it can establish that the Primary Bond and 1st Excess Bond were exhausted.

### FIFTH AFFIRMATIVE DEFENSE

Coverage under the 2nd Excess Bond as to Defendant follows the form and terms and conditions of the Primary Bond and 1st Excess Bond.

## SIXTH AFFIRMATIVE DEFENSE

Pursuant to Section 3 of the Primary Bond and Endorsement Number 5 of the 2nd Excess Bond, the Bond "applies only to loss first discovered during the Bond Period." Fifth Third cannot recover against Defendant under the Primary Bond unless it proves that discovery occurred during the Bond Period.

## SEVENTH AFFIRMATIVE DEFENSE

Pursuant to Section 5 of the Primary Bond as well as provisions contained in the 1st Excess Bond, Fifth Third cannot recover against Defendant unless it proves that it gave timely notice of loss, submitted a timely proof of loss and filed suit within the suit limitation period.

## EIGHTH AFFIRMATIVE DEFENSE

The 2nd Excess Bond provides that "[t]he ASSURED shall notify the COMPANY at the earliest practical moment, not to exceed thirty (30) days after the ASSURED receives notice, of any legal proceeding brought to determine the ASSURED's liability for any loss, claim or damage which, if established, would constitute a collectible loss under this bond or any of the Underlying Bonds." Fifth Third cannot recover against Defendant unless it proves that it gave timely notice of loss pursuant to the terms of the 2nd Excess Bond.

## NINTH AFFIRMATIVE DEFENSE

Pursuant to Section 12 of the Primary Bond, "this Bond terminates as to any Employee . . . as soon as any Chief Risk Officer, Office of Risk Management, Office of General Counsel, Internal Audit, Loan Review or any Executive Officer . . . learns of any dishonest or fraudulent act committed by such person at any time...whether or not of the type covered under Insuring

15

Agreement (A), against . . . the Insured." Fifth Third cannot recover any loss against Defendant sustained after coverage for Ross terminated.

### TENTH AFFIRMATIVE DEFENSE

Pursuant to Section 2(a) of the Primary Bond, the Bond does not cover a "loss resulting directly or indirectly from forgery or alteration, except when covered under Insuring Agreements (A), (D), (E), (F), (I) or (J)." Any such loss is not covered unless Fifth Third establishes the conditions of coverage under Insuring Agreements (A), (D), (E), (F), (I), or (J).

### ELEVENTH AFFIRMATIVE DEFENSE

Pursuant to Section 2(e) of the Primary Bond, for any claim by Fifth Third that arises from loans, the claimed loss is not covered unless Fifth Third establishes the conditions of coverage under Insuring Agreements (A), (D), (E) or (J).

### TWELFTH AFFIRMATIVE DEFENSE

Pursuant to Section 2(s) of the Primary Bond, the Bond does not cover "potential income, including but not limited to interest and dividends for which the Insured is legally liable." Any such loss defined in Section 2 (s) is not covered under the Bond.

### THIRTEENTH AFFIRMATIVE DEFENSE

Pursuant to Section 2(t) of the Primary Bond, the Bond does not cover "damages of any type for which the Insured is legally liable, except compensatory damages, but not multiples thereof, arising directly from a loss covered under this bond." Any such loss defined in Section 2(t) is not covered under the Bond.

## FOURTEENTH AFFIRMATIVE DEFENSE

Pursuant to Section 2(v) of the Primary Bond, the Bond does not cover "indirect or consequential loss of any nature; except for loss of accrued interest and/or claims for which the Insured is legally liable."  Any such loss defined in Section 2 (v) is not covered under the Bond.

## FIFTEENTH AFFIRMATIVE DEFENSE

Pursuant to common law principles, equity and the known loss doctrine, Fifth Third cannot recover from Defendant because Fifth Third knew, prior to purchasing insurance from Defendant, of facts that Fifth Third alleges constitute fraud and it did not disclose to the Defendant the circumstances it now relies upon to establish coverage.

## SIXTEENTH AFFIRMATIVE DEFENSE

Pursuant to Section 7(c) of the Primary Bond, in the event of coverage, Fifth Third must reduce its loss by any monies and/or amounts received and must reduce their claimed loss by any payments received on the claimed loans (regardless of how Fifth Third initially applied those payments).

## SEVENTEENTH AFFIRMATIVE DEFENSE

Fifth Third is not entitled to recover to the extent that Defendant was induced to issue the Bonds in reliance upon an insurance application that contains a material misrepresentation or omission.  To the extent that Fifth Third made material misrepresentations and failed to disclose material information in its insurance application, then the Bonds are not valid and enforceable, and Fifth Third's claimed loss is not covered thereunder.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Pursuant to Section 2(u) of the Primary Bond, Fifth Third is not entitled to recover for "all fees, costs and expenses incurred . . . in establishing the existence of or amount of loss covered under this bond. . . ." Any such loss defined in Section 2(u) is not covered.

### NINETEENTH AFFIRMATIVE DEFENSE

Pursuant to the 2nd Excess Bond, "[e]ach Company shall be liable only for such proportion of any Single Loss as the AGGREGATE LIMIT OF LIABILITY underwritten by such Company . . . in no event shall any Company be liable for an amount greater than that underwritten by it." Defendant is not jointly or severally liable for any loss under the 2nd Excess Bond beyond its share.

### TWENTIETH AFFIRMATIVE DEFENSE

Fifth Third has failed to state a cause of action upon which relief can be granted.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Fifth Third's claims are precluded, in whole or in part, because Fifth Third failed to mitigate its alleged damages.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant has at all times handled the claim asserted by Fifth Third in good faith and the refusal to make a payment to date to Fifth Third has been based on the good faith belief that there are exclusions or limitations set forth in the policies that afford Defendant with a good faith basis to deny coverage based on the currently known facts.

**WHEREFORE**, Defendant demands the following relief:

1. That Fifth Third recover nothing whatsoever under its Complaint;

2. That the Complaint be dismissed, with prejudice;

3. That Defendant recover its costs and expenses incurred herein; and

4. For such other and further relief, at law or in equity, to which it is entitled.

    Respectfully submitted,

    FROST BROWN TODD LLC

    */s/Bryan S. Strawbridge*
    Julia Blackwell Gelinas (*pro hac vice*)
    Bryan S. Strawbridge (*pro hac vice*)
    201 N. Illinois Street, Suite 1900
    Indianapolis, Indiana  44961
    (317) 237-3800
    (317) 237-3900 (fax)
    jgelinas@fbtlaw.com
    bstrawbridge@fbtlaw.com

    Luke J. Busam (0082339)
    3300 Great American Tower
    301 East Fourth Street
    Cincinnati, Ohio  45202
    (513) 651-6800
    (513) 651-6981 (fax)
    lbusam@fbtlaw.com

    *Attorneys for Defendant St. Paul Mercury Insurance Company*

### CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of February, 2015, the foregoing was filed electronically with the Clerk of the Court which will send notifications of such filing to all counsel registered with the Court's CM/ECF system.

    */s/Bryan S. Strawbridge*

C:\Users\smitmk\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content.Outlook\U8O2SN8L\St  Paul Mercury Insurance Company's Answer and Affirmative Defenses to Amended Complaint - 4823 (2).doc