UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RLI Insurance Company, | : | Case No. 1:14-cv-802 |
| Plaintiff, | : | |
| vs. | : | |
| Fifth Third Bancorp, | : | |
| Defendant. | : | |

_____

| | | |
|---|---|---|
| Fifth Third Bancorp and Fifth Third Bank, | : | Case No. 1:14-cv-869 |
| Plaintiffs, | : | |
| vs. | : | |
| Certain Underwriters at Lloyd's, et al, | : | |
| Defendants. | : | |

**ORDER**

Fifth Third Bancorp and Fifth Third Bank ("Fifth Third") filed a motion in each of these related cases, seeking to consolidate them pursuant to Fed. R. Civ. Proc. 42(a). (Doc. 19 in Case No. 14-cv-802; Doc. 20 in Case No. 14-cv-869.) The lower number case is a declaratory judgment action filed by RLI Insurance Company, which participates in a financial bond policy issued to Fifth Third. Fifth Third seeks to recover under the bond for certain losses it sustained. RLI seeks a judgment that the bond does not cover those losses. Case No. 14-cv-869 is Fifth Third's complaint against a number of insurers that also issued and/or participated in financial bonds purchased by Fifth

Third, and under which Fifth Third also seeks to recover. Both of the cases arise from the actions of a Fifth Third loan officer, Matthew Ross, who was formerly employed in the bank's structured finance group. Fifth Third alleges that it has suffered losses in excess of $100 million due to Mr. Ross's misconduct, exceeding the policy limits of the financial bonds issued by all of the Defendants.

RLI, the plaintiff in Case No. 802, opposes Fifth Third's motion. (Doc. 23) RLI argues that it prepared a "focused" complaint, based on its review of documents Fifth Third provided pre-suit. RLI alleges that Fifth Third was aware of the fraud and misconduct that caused its loss before it purchased insurance from RLI, which precludes any claim for coverage. RLI contends that it is differently situated than Fifth Third's other insurers, because they insured Fifth Third before Ross's dishonest or fraudulent conduct took place. RLI offered to coordinate discovery in the cases when appropriate, but Fifth Third rejected that offer. RLI argues that Fifth Third is seeking consolidation in order to dilute RLI's focused contentions and delay the resolution of its declaratory judgment action. And it suggests that full consolidation of the cases may result in confusion of the issues. RLI does not oppose consolidation for discovery, but urges the Court to defer consideration of consolidation for trial until discovery is complete and dispositive motions are filed.

Fifth Third notes that there are three bonds at issue, and the insurers participate in covering the face amount of each bond. RLI participates in the first and second excess bond policies, with a total exposure of $12.5 million. Fifth Third contends that the two lawsuits clearly involve common questions of fact and law, as both actions involve interpretation of the terms of the bonds and Fifth Third's claim for coverage.

Many of the defendants in Case No. 869 had not responded to Fifth Third's amended complaint at the time the consolidation motion was filed, but Fifth Third states that counsel for Continental Insurance Company, Fidelity and Deposit Insurance Company, and St. Paul Mercury Insurance do not oppose consolidation.  Fifth Third disputes RLI's contention that its declaratory judgment action raises issues that are distinct from the issues likely to be in play in Fifth Third's lawsuit against the rest of the insurers.  It notes that RLI raised 19 affirmative defenses to Fifth Third's counterclaim seeking coverage under the bond, and that these defenses are not unique but are very likely to be raised by the other insurers, as many of the defenses rely on terms of the Primary Policy which are incorporated in the excess policies.  Fifth Third rejects RLI's assertion that its defenses (such as known loss or Fifth Third's failure to timely present its claim) are unique.

When RLI filed its opposition to the consolidation motion, the defendants in Case No. 869 had not filed answers to Fifth Third's complaint.  Most, if not all, have now done so, and the Court notes that the answers raise many defenses similar to those raised by RLI, such as lack of timely notice of loss, and Fifth Third's discovery of the fraudulent conduct prior to the inception of the policy period.  It appears, based solely on the pleadings, that the questions of fact and law to be determined in both cases are very similar.

Nevertheless, the Court notes that both of these cases are relatively young, and no Rule 26 conference has been held in either case.  All parties apparently agree that consolidation is appropriate at least for discovery.  The Court will grant Fifth Third's motion in part, and consolidate the cases for purposes of the Rule 26 conference,

discovery and pre-trial scheduling. The Court will deny, without prejudice, Fifth Third's motion to consolidate these cases for trial. Any party may seek to consolidate the actions for trial, if developments in the case warrant revisiting that issue.

Fifth Third's motion to consolidate (Doc. 19) is granted in part and denied in part. RLI's motion for leave to file a sur-reply (Doc. 25) is denied as moot.

**SO ORDERED**.

DATED: February 17, 2015            <u>s/Sandra S. Beckwith</u>
                                                             Sandra S. Beckwith, Senior Judge
                                                             United States District Court