# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **RLI INSURANCE COMPANY** | : Civil Action No. **1:14cv802** |
| Plaintiff | : Judge: **Sandra S. Beckwith** |
| vs. | : Magistrate: **Stephanie K. Bowman** |
| **FIFTH THIRD BANCORP** | : |
| Defendant | : |
| | |
| **FIFTH THIRD BANCORP, an Ohio Corporation, and FIFTH THIRD BANK, an Ohio Banking Corporation** | : Civil Action No. **1:14cv869** |
| Plaintiff | : |
| vs. | : **STIPULATED PROTECTIVE ORDER REGARDING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL AND PRIVILEGED DOCUMENTS AND INFORMATION** |
| **CERTAIN UNDERWRITERS AT LLOYD'S SUBSCRIBING TO POLICY B0509QA048710, B0509QA051310, 81906760, et al.** | : |
| Defendants | : |

This matter having come before the Court by stipulation of Fifth Third Bancorp, Fifth Third Bank, RLI Insurance Company, Certain Underwriters at Lloyd's Subscribing to Policy Numbers B0509QA048710 and B0509QA051310, AXIS Insurance Company, Federal Insurance Company, Continental Insurance Company, Fidelity and Deposit Insurance Company, and St. Paul Mercury Insurance Company (collectively, the "Parties," and individually, a "Party") for the entry of a protective order, pursuant to Fed. R. Civ. P. 26(c), governing the review, copying, dissemination and filing of confidential, proprietary, and privileged documents. The Parties,

through their respective counsel, stipulate to the terms set forth herein, and good cause having been shown;

    IT IS HEREBY ORDERED that:

    1.    This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that the Parties agree merit confidential treatment.

    2.    The Parties may designate documents that qualify as Confidential Information produced as protected by this Protective Order by affixing the notation "Confidential – Subject to Protective Order" on the document, and may designate testimony that reveals "Confidential Information" as protected by this Protective Order.

    3.    As used herein:

        (a)    "Confidential Information" shall mean all documents and testimony that contain trade secrets, proprietary business information, competitively sensitive information, and health, financial, or other personal information of the Parties or non-parties, including without limitation, "Protected Health Information" of third parties, as that term is defined under the Health Insurance Portability and Accountability Act ("HIPAA") and the Federal Regulations enacted pursuant to HIPAA.

        (b)    "Producing Party" shall mean the Party or third party that produces a particular Document or gives particular Testimony, or the Party or third party asserting that a particular Document or particular Testimony contains Confidential Information, as the case may be.

        (c)    "Receiving Party" shall mean any Party that receives Confidential Information, whether in connection with depositions, document production, or otherwise.

4. A Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or testimony as confidential. If the Producing Party does not agree to declassify such documents or testimony the Receiving Party may move before the Court for an order declassifying such documents and testimony. If no such motion is filed, such documents and testimony shall continue to be treated as confidential. If such a motion is filed, the document and testimony shall be deemed Confidential Information unless and until the Court rules otherwise. In connection with any such motion, the burden of establishing the appropriateness of the designation shall lie with the Producing Party.

5. Except with the prior written consent of the Producing Party or by Order of the Court, and subject to Paragraphs 6 and 7 below, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

    (a) Any party to the Actions, including any party's current or former officers, directors, or employees who assist with the defense or prosecution of either of the Actions, or any current officer, director or employee of any of the Parties' subsidiaries or affiliates who assist with the defense or prosecution of either of the Actions. "Actions," as used herein, shall refer to any and all of the following cases:

        (i) the above-captioned action, *RLI Insurance Company v. Fifth Third Bancorp* (United States District Court, Southern District of Ohio, Western Division, Case No. 1:14cv802);

        (ii) *Fifth Third Bancorp, et al. v. Certain Underwriters at Lloyd's Subscribing to Policy Numbers B0509QA048710 and B0509QA051310, et al.* (United States District Court, Southern District of Ohio, Western Division, Case No. 1:14cv869);

3

(b) Counsel for the Parties and their associated attorneys, paralegals and other professional personnel (including support staff) who (i) are directly assisting such counsel in the prosecution or defense of the Actions or any subrogation efforts, the preparation of an Action for trial or other proceeding herein, (ii) are under the supervision or control of such counsel and (iii) who have been advised of their obligations hereunder;

(c) expert witnesses or consultants (including their supporting personnel), whether testifying or not, retained by the Parties or their counsel to furnish technical or expert services in connection with the Actions or to give testimony with respect to the subject matter of the Actions at trial or any other proceeding therein;

(d) Persons called to give testimony at deposition or at trial or people who are believed to possess information deemed necessary for the prosecution or defense of this litigation, including former officers, directors, and/or employees of a Party, who shall be advised that such documents are confidential pursuant to this Order;

(e) the Court and court personnel presiding over the Actions, if filed in accordance with this Order;

(f) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

(g) insurers, reinsurers, retrocessionaires and reinsurance intermediaries;

(h) regulators, state insurance department examiners, law enforcement agencies, actuaries or auditors to whom any Party or its counsel is required

        to respond or report in the ordinary course of its business regarding the subject matter of an Action ; and

(i)    outside vendors who are necessary to assist counsel of record in this action in the preparation and trial of this action;

(j)    any other person agreed to by the Parties.

6.    Confidential Information shall be used by the Receiving Party and its counsel only for purposes of the Actions and for no other purposes.

7.    Every person given access to Confidential Information shall be advised that the information is being disclosed pursuant to and subject to the terms of this Order, and may not be disclosed other than pursuant to the terms thereof.

8.    All depositions shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of twenty-one (21) days after the date of said deposition. Within that timeframe, any party may designate testimony as protected by this order by identifying the page and line numbers of any testimony that contains Confidential Information. If no such designation is made, the deposition shall not be treated as containing Confidential Information and shall not be protected by this Order. If by the end of the twenty-one day period the transcript has not yet been finalized and sent by the stenographer, the Parties shall have a period of seven (7) days after the stenographer finalizes and sends the transcript for a Party to designate testimony as confidential;.

9.    Except as provided in paragraph 10, should the need arise for any of the Parties to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party may do so only after taking such steps as the Court, upon application of the Disclosing Party, shall deem necessary to preserve the confidentiality of such Confidential Information.

10. Any party wishing to file any document containing Confidential Information, including a motion or supporting legal memorandum, shall file such document under seal. The parties agree to redact Confidential Information contained in any such materials filed in Court and will, if necessary, present un-redacted copies of the confidential materials to the assigned judge for in camera review. All documents filed under seal shall not be released from confidential treatment by the Court except by further Court order.

11. No Confidential Information may be filed with the Court other than in a standard sealed envelope as provided by the Court and filled out as directed by the Court, or filed securely in an appropriate container on which a statement substantially in the following form must be endorsed:

CONFIDENTIAL - FILED UNDER SEAL

> This envelope contains documents that are subject to a Protective Order entered by the Court in *RLI Insurance Company v. Fifth Third Bancorp* and *Fifth Third Bancorp, et al. v. Lloyd's Subscribing to Policy Numbers B0509QA048710 and B0509QA051310, et al.* governing the production and exchange of confidential and privileged documents and information.

All such Confidential Information so filed must be maintained by the Clerk of the Court separate from the public records in the Actions and may be released only upon further order of the Court. All Confidential Information filed under seal will be available to the Court and to counsel for the Parties for viewing and copying. Redacted pages will be filed in the public record.

12. Any Document that may contain Confidential Information that has been inadvertently produced without identification as to its "Confidential" nature as provided in paragraphs 2 and/or 11 of this Stipulation, may be so designated by the Party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving Party

identifying the document or information as "Confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

13. The production or disclosure of Confidential Information shall in no way constitute a waiver of each Party's right to object to the production or disclosure of other information in the Actions or in any other litigation.

14. This Stipulation is entered into without prejudice to the right of any Party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the United States District Court Rules, the Federal Rules of Evidence, or other applicable law.

15. This Stipulation shall, absent prior written consent of the Parties, continue to be binding after the conclusion of this litigation except that (a) there shall be no restriction on documents that were used as exhibits in Court (unless such exhibits were filed under seal); and (b) a Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Stipulation.

16. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure. The provision of this Stipulation shall not serve as a basis for any Party to assert waiver by any other Party of its right to refuse to produce documents or information requested in discovery. The rights of all Parties to assert any objection to a discovery request or to assert any privilege that protects a Party from discovery of documents or information are fully reserved.

17. Upon termination of the Actions by judgment, and the expiration of any and all appeals therefrom, or by settlement or other final disposition, and after the Party has determined in its sole judgment and discretion that the Confidential Information need no longer be

maintained in its files, for, *inter alia*, regulatory, reinsurance or financial reporting purposes, each Party shall within one hundred and twenty (120) days either return to the Producing Party or destroy the Confidential Information, at the option of the Receiving Party. In the event that a Party chooses to destroy physical objects and documents, such Party shall certify in writing, within 120 days of the final termination of the Actions, that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge, provided that:

    a) the attorneys for the Parties shall be entitled to retain all litigation documents, including exhibits and their own memoranda, containing Confidential Information; but any such retained Confidential Information, litigation documents and memoranda shall be used for the purpose of preserving a file on the Actions, and shall not, without the written permission of the Producing Party or an order of the Court, be disclosed to anyone other than those to whom such information was actually disclosed, in accordance with this Stipulation, during the course of the Actions or the persons or entities identified in Paragraph 5;

    b) any Party may retain a copy of any Confidential Information received, and copies, summaries and extracts thereof, as may be required by law, its internal record keeping standards, or for use in connection with the enforcement of the terms and conditions of this Agreement. When such retention is no longer needed, such persons and entities shall return the retained documents (that are in paper form) or destroy those documents in accordance with their standard record destruction procedures, subject to any applicable litigation hold or any other document or information hold imposed by any governmental body or court order. Any person or entity retaining such Confidential Information shall maintain its confidentiality

in accordance with this Agreement until such documents are returned or destroyed.; and

c) the Receiving Party agrees that all Confidential Information, including in electronic format, will be maintained in compliance with the terms of this Stipulation. The Receiving Party shall abide by the requirements of this Stipulation when disclosing any Confidential Information it retains.

18. Nothing herein shall prevent any Party who has received Documents or Testimony designated as Confidential from producing or disclosing in any other matter such Confidential Information in response to a lawful subpoena or other compulsory process, provided that any recipient of a subpoena or other compulsory process shall, as soon as reasonably practicable, give written notice thereof to the Producing Party's counsel in the Actions and shall furnish the Producing Party's counsel with a copy of the subpoena or other compulsory process so as to afford the producing party an opportunity to seek relief therefrom.

19. This Stipulation shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any Party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any Party or its affiliate(s) in connection with any other matters.

20. This Stipulation is entered solely for the purpose of facilitating the exchange of documents and information between the Parties and participating non-parties without involving the Court unnecessarily in the process. Nothing in this Stipulation, nor the production of any information or document under the terms of this Stipulation, nor any proceeding pursuant to this Stipulation shall be deemed to have the effect of an admission or waiver by any Party or participating non-party, or of altering the nature of any document or information.

9

21. This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

22. This Stipulation may be executed in counterparts.

Dated: 3/26/15

*Stephanie K Bowman*
Stephanie K. Bowman
United States Magistrate Judge

Respectfully stipulated and submitted,

/S/ Mark J. Byrne
Mark J. Byrne (0029243)
Kenneth F. Seibel (0025168)
Charles E. Turnbull
Lawrence M. Scott
Marc D. Kaszubski

*Attorneys for Fifth Third Bancorp and Fifth Third Bank*

/S/ David P. Kamp
David P. Kamp (0020665)
Brian D. Goldwasser (0061926)
Jean Geoppinger McCoy (0046881)
John W. Blancett
Christopher J. Losquadro
Christopher C. Novak

*Attorneys for Certain Underwriters at Lloyd's Subscribing to Policy Numbers B0509QA048710 and B0509QA051310, Axis Insurance Company, and Federal Insurance Company*

/S/ Scott L. Schmookler
Scott L. Schmookler
Regina A. Ripley
Ji-Yeon Suh
Robert W. Hojnoski (0070062)

*Attorneys for RLI Insurance Company*

/S/ Bryan S. Strawbridge
Bryan S. Strawbridge
Julia Blackwell Gelinas
Luke J. Busam (0082339)

*Attorneys for Continental Insurance Company, Fidelity and Deposit Insurance Company, St. Paul Mercury Insurance Company*