# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **RLI INSURANCE COMPANY** : | Civil Action No. **1:14cv802** |
| : | |
| Plaintiff : | Judge: **Sandra S. Beckwith** |
| : | Magistrate: **Stephanie K. Bowman** |
| vs. : | |
| : | |
| **FIFTH THIRD BANCORP** : | |
| : | |
| Defendant : | |
| : | |
| **FIFTH THIRD BANCORP, an Ohio** : | Civil Action No. **1:14cv869** |
| **Corporation, and FIFTH THIRD BANK,** : | |
| **an Ohio Banking Corporation** : | |
| : | |
| Plaintiff : | **NOTICE TO TAKE DEPOSITION OF** |
| : | **LLOYD'S SUBSCRIBING TO POLICY** |
| vs. : | **NUMBERS B0509QA048710 AND** |
| : | **B0509QA051310 PURSUANT TO FED.** |
| **CERTAIN UNDERWRITERS AT** : | **R. CIV. P. 30(b)(6)** |
| **LLOYD'S SUBSCRIBING TO POLICY** : | |
| **B0509QA048710, B0509QA051310,** : | |
| **81906760, et al.** : | |
| : | |
| Defendants : | |

Fifth Third Bancorp, an Ohio corporation, and Fifth Third Bank, an Ohio banking corporation ("Fifth Third"), by and through counsel, and pursuant to Fed. R. Civ. P. 30(b)(6) hereby provides notice to Lloyd's Subscribing to Policy Numbers B0509QA048710 and B0509QA051310 ("Lloyds") that it intends to take the deposition of a Lloyds representative or representatives on the topics/areas of inquiry listed below. Under Fed. R. Civ. P. 30(b)(6), Lloyds shall designate one or more of its officers, directors or managing agents or other persons who consent to testify on its behalf to the following issues.

The deposition shall commence at 9:30 a.m. on November 11, 2015, and will be taken at the law offices of David P. Kamp, White, Getgey & Meyer Co., LPA, Fourth and Vine Tower, One West Fourth Street, Suite 1700, Cincinnati, Ohio, 45202, by stenography and video. You are invited to attend and participate.

**TOPICS/AREAS OF INQUIRY**

1. The efforts undertaken by Lloyds to locate documents responsive to Fifth Third's First Set of Interrogatories and First Request for Production of Documents to Lloyds. This shall include a person to testify as to the efforts undertaken by Lloyds to search for any electronically stored information (ESI), the process used to search for ESI, the custodians of any ESI for which a search was undertaken, and any keywords utilized in that search. This person shall also be prepared to testify as to the identification of individuals who contributed to each of Lloyds' interrogatory responses and the substance of their contribution to those responses.

2. The date of the initiation of any litigation hold implemented by Lloyds in response to any of the issues raised in Fifth Third's First Amended Complaint. This person should be prepared to testify as to the efforts undertaken by Lloyds in instituting a litigation hold.

3. Except for those allegations admitted by Lloyds, a person to testify as to the material facts upon which Lloyds relies at page 2 of its Answer to deny paragraph 1 of Plaintiff's First Amended Complaint.

4. Except for those allegations admitted by Lloyds, a person to testify as to the material facts upon which Lloyds relies at page 2 of its Answer to deny paragraph 3 of Plaintiff's First Amended Complaint.

5. The material facts upon which Lloyds relies at page 4 of its Answer to deny paragraph 14 of Plaintiff's First Amended Complaint.

2

6. The material facts upon which Lloyds relies at page 5 of its Answer to deny paragraph 22(a), (b), (c), (d), (e), (f), (g), (h), (i), (j), (k) and (l) of Plaintiff's First Amended Complaint.

7. The material facts upon which Lloyds relies at page 5 of its Answer to deny paragraph 23(a), (b), (c), (d) and (e) of Plaintiff's First Amended Complaint.

8. Except for those allegations admitted by Lloyds, a person to testify as to the material facts upon which Lloyds relies at page 6 of its Answer to deny paragraph 25 of Plaintiff's First Amended Complaint.

9. Except for those allegations admitted by Lloyds, a person to testify as to the material facts upon which Lloyds relies at page 6 of its Answer to deny paragraph 26 of Plaintiff's First Amended Complaint.

10. The material facts upon which Lloyds relies at page 6 of its Answer to deny paragraph 27 of Plaintiff's First Amended Complaint.

11. The material facts upon which Lloyds relies at page 6 of its Answer to deny paragraph 28 of Plaintiff's First Amended Complaint.

12. Except for those allegations admitted by Lloyds, a person to testify as to the material facts upon which Lloyds relies at page 6 of its Answer to deny paragraph 29 of Plaintiff's First Amended Complaint.

13. The material facts upon which Lloyds relies at page 7 of its Answer to deny paragraph 31 of Plaintiff's First Amended Complaint.

14. The material facts upon which Lloyds relies at page 7 of its Answer to deny paragraph 32 of Plaintiff's First Amended Complaint.

15. The material facts upon which Lloyds relies at page 7 of its Answer to deny paragraph 34 of Plaintiff's First Amended Complaint.

16. The material facts upon which Lloyds relies at page 7 of its Answer to deny paragraph 35 of Plaintiff's First Amended Complaint.

17. The material facts upon which Lloyds relies at page 7 of its Answer to deny paragraph 36 of Plaintiff's First Amended Complaint.

18. The material facts upon which Lloyds relies at page 8 of its Answer to deny paragraph 37 of Plaintiff's First Amended Complaint.

19. The material facts upon which Lloyds relies to assert in its First Affirmative Defense at page 8 of its Answer that "Plaintiffs have failed to state a claim for coverage within Insuring Agreement (A)(1) of the Primary Bond."

20. The material facts upon which Lloyds relies to assert in its Third Affirmative Defense at page 9 of its Answer that "Plaintiffs have failed to state a claim for coverage within Insuring Agreement (G)(1) of the Primary Bond."

21. The material facts upon which Lloyds relies to assert in its Fourth Affirmative Defense at page 10 of its Answer that "Plaintiffs have failed to state a claim for coverage within Insuring Agreement (G)(1) of the Primary Bond because they never sought or obtained Defendants' prior approval to retain independent outside accountants or other non-legal experts."

22. The material facts upon which Lloyds relies to assert in its Fifth Affirmative Defense at page 10 of its Answer that Plaintiffs have failed to state a cause of action against Lloyds because Fifth Third failed to meet or satisfy all of the conditions precedent under Section 12 of the Conditions and Limitations section of the Primary Bond.

23. The material facts upon which Lloyds relies to assert in its Sixth Affirmative Defense at page 10 of its Answer that Plaintiffs failed to state a claim upon which relief may be granted because they have failed to meet or satisfy all of the conditions precedent to obtain coverage under Section 3 of the Conditions and Limitations section of the Primary Bond.

24. The material facts upon which Lloyds relies to assert in its Seventh Affirmative Defense at page 11 of its Answer that Plaintiffs have failed to state a claim upon which relief may be granted because they failed to meet or satisfy all of the conditions precedent under Section 5 of the Conditions and Limitations section of the Primary Bond.

25. The material facts upon which Lloyds relies to assert in its Eighth Affirmative Defense at page 12 of its Answer that Plaintiffs have failed to state a claim upon which relief may be granted because they failed to meet or satisfy all of the conditions precedent under paragraph F of the General Agreement section of the Primary Bond.

26. The material facts upon which Lloyds relies to assert in its Twelfth Affirmative Defense at page 13 of its Answer that Plaintiffs have failed to state a claim upon which relief may be granted because they have failed to meet or satisfy all of the conditions precedent to obtain coverage under Section 11 of the Conditions and Limitations section of the Primary Bond.

27. The material facts upon which Lloyds relies to assert in its Thirteenth Affirmative Defense at page 13 of its Answer that Plaintiffs' claim is excluded, in whole or part, by Section 2(e) of the Conditions and Limitations section of the Primary Bond.

28. The material facts upon which Lloyds relies to assert in its Fourteenth Affirmative Defense at page 14 of its Answer that Plaintiffs' claim is excluded, in whole or part, by Section 2(h) of the Conditions and Limitations section of the Primary Bond.

29. The material facts upon which Lloyds relies to assert in its Fifteenth Affirmative Defense at page 14 of its Answer that Plaintiffs' claim is excluded, in whole or part, by Section 2(u) of the Conditions and Limitations section of the Primary Bond.

30. The material facts upon which Lloyds relies to assert in its Sixteenth Affirmative Defense at page 14 of its Answer that Plaintiffs' claim is excluded, in whole or part, by Section 2(v) of the Conditions and Limitations section of the Primary Bond.

31. The material facts upon which Lloyds relies to assert in its Seventeenth Affirmative Defense at page 14 of its Answer that Plaintiffs' claim is excluded, in whole or part, by Section 2(t) of the Conditions and Limitations section of the Primary Bond.

32. The material facts upon which Lloyds relies to assert in its Eighteenth Affirmative Defense at page 15 of its Answer that Plaintiffs' claim is excluded, in whole or part, by Section 2(s) of the Conditions and Limitations section of the Primary Bond.

33. The material facts upon which Lloyds relies to assert in its Nineteenth Affirmative Defense at page 15 of its Answer that Plaintiffs' claim is excluded, in whole or part, by Section 2(a) of the Conditions and Limitations section of the Primary Bond.

34. The material facts upon which Lloyds relies to assert in its Twentieth Affirmative Defense at page 15 of its Answer that Plaintiffs' claim is excluded, in whole or part, by Section 2(p) of the Conditions and Limitations section of the Primary Bond.

35. The material facts upon which Lloyds relies to assert in its Twenty-Fifth Affirmative Defense at page 16 of its Answer that Plaintiffs' claim is barred, in whole or part, by the doctrines of waiver and estoppel.

36. The material facts upon which Lloyds relies to assert in its Twenty-Sixth Affirmative Defense at page 16 of its Answer that Plaintiffs' claim is barred, in whole or part, by the doctrine of laches.

37. The material facts upon which Lloyds relies to assert in its Twenty-Seventh Affirmative Defense at page 16 of its Answer that "Plaintiffs are not entitled to the relief requested, in whole or in part, by the terms, exclusions, conditions and limitations contained in the Fifth Third Bancorp Bonds."

38. The material facts upon which Lloyds relies to assert in its Twenty-Eighth Affirmative Defense at page 16 of its Answer that "Plaintiffs claims are barred, in whole or in part, by their failure to mitigate their alleged damages."

39. The material facts upon which Lloyds relies to assert in its Twenty-Ninth Affirmative Defense at page 16 of its Answer that "Plaintiffs have failed to state a claim upon which relief may be granted because Plaintiffs' alleged loss or damages were known to, or discovered by, Plaintiffs prior to the inception date of the Fifth Third Bancorp Bonds."

40. The material efforts Lloyds has undertaken to investigate Fifth Third's claim for payment and reimbursement under the Bond Policy issued by Lloyds.

41. The date Lloyds denied coverage to Fifth Third under the Bonds and the identification of the person or persons who made the decision on behalf of Lloyds to deny coverage to Fifth Third under the bonds, and the material facts upon which the denial decision was based.

42. The identification of outside counsel who advised Lloyds on the issue of whether or not coverage existed for the claim submitted by Fifth Third for coverage under the Bond policies for the fraud of Matthew Ross, and when and to whom that advice was provided.

43. The date Lloyds concluded that litigation was anticipated by Fifth Third against Lloyds for coverage under the Bond policies for the fraud of Matthew Ross, and the identity of the individuals who came to that conclusion and the material facts upon which Lloyds relied in concluding that litigation against Lloyds was anticipated.

44. The identification of each Lloyds employee or agent who was involved in the investigation and/or adjustment of Fifth Third's claims of coverage under the Bond policies for the fraud of Matthew Ross, including the date said employee or agent became involved and the nature of the activities they undertook relating to their investigation.

45. The identification of the levels of reserve that have been set aside for Fifth Third's claim of coverage under the Bond policies for the fraud of Matthew Ross, and the material facts upon which Lloyds relied in establishing the reserves and/or valuation of the Fifth Third claim.

46. The identification, location and custodian of any claims materials or files regarding Fifth Third's claim of coverage under the Bond policies for the fraud of Matthew Ross.

47. The identification, location and custodian of any documents, correspondence or written analysis undertaken by Lloyds as identified in response to Plaintiffs' interrogatory no. 23 in which it claims it reviewed and analyzed Fifth Third Bancorp's Proof of Loss.

48. The identification, location and custodian of any documents, correspondence or written analysis undertaken by Lloyds as identified in response to Plaintiffs' interrogatory no. 23 in which it claims it reviewed and analyzed millions of pages of documents produced by Plaintiffs in support of a claim under Fifth Third Bancorp's Bonds.

49. The identification, location and custodian of any documents, correspondence or written analysis undertaken by Lloyds as identified in response to Plaintiffs' interrogatory no. 23 in which it claims it reviewed and analyzed pleadings, motions, decisions and orders, appeals

and other litigation materials from various lawsuits in support of a claim under Fifth Third Bancorp's Bonds.

50. The identification of any other claim made by an insured against Lloyds for payment under a Fidelity Bond similar in language to the one at issue in the present case between 2008 to 2011.

51. The identification of any policies or procedures relating to the administration or investigation of a claim brought by an insured against Lloyds between 2008 to 2011.

RESPECTFULLY SUBMITTED,

/S/ Mark J. Byrne
**MARK J. BYRNE (0029243)**
**KENNETH F. SEIBEL (0025168)**
JACOBS, KLEINMAN, SEIBEL & McNALLY
Cincinnati Club Building
30 Garfield Place
Cincinnati, OH  45202
Phone:  (513) 381-6600
Fax:      (513) 381-4150
Email:   mbyrne@jksmlaw.com
             kseibel@jksmlaw.com
*Trial Counsel for Defendant Fifth Third Bancorp*
*and Plaintiff Fifth Third Bancorp and*
*Third Bank*

/S/ Charles E. Turnbull
**CHARLES E. TURNBULL** (Pro Hac Vice)
**LAWRENCE M. SCOTT** (Pro Hac Vice)
**MARC D. KASZUBSKI** (Pro Hac Vice)
O'REILLY RANCILIO P.C.
12900 Hall Road, Suite 350
Sterling Heights, MI  48313
Phone: (586) 726-1000
Fax:    (586) 726-1560
Email: cturnbull@orlaw.com
            lscott@orlaw.com
            mkaszubski@orlaw.com
*Co- Counsel for Defendant Fifth Third Bancorp*
*and Plaintiff Fifth Third Bancorp and*
*Third Bank*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

*Attorneys for Plaintiff RLI Insurance Company:*

Robert W. Hojnoski, Esquire
Carrie M. Starts, Esquire
Nathan A. Lennon, Esquire
Reminger Co., LPA
525 Vine Street, Suite 1700
Cincinnati, OH 45202
Email: rhojnoski@reminger.com
cstarts@reminger.com
nlennon@reminger.com

Scott L. Schmookler, Esquire
Regina A. Ripley, Esquire
Ji-Yeon Suh, Esquire
Gordon & Rees, LLP
One North Franklin, Suite 8800
Chicago, IL 60606
Email: sschmookler@gordonrees.com
rripley@gordonrees.com
jsuh@gordonrees.com

*Attorneys for Defendant Certain Underwriters at Lloyd's Subscribing to Policy Numbers B0509QA048710 and B0509QA051310, Axis Insurance Company and Federal Insurance Company:*

David P. Kamp, Esquire
Brian D. Goldwasser, Esquire
Jean Geoppinger McCoy, Equire
White, Getgey & Meyer Co. LPA
Fourth and Vine Tower
One West Fourth Street, Suite 1700
Cincinnati, OH 45202
Email: dkamp@wgmlpa.com
bgoldwasser@wgmlpa.com
jmccoy@wgmlpa.com

>John W. Blancett, Esquire
>Christopher J. Losquadro, Esquire
>Christopher C. Novak, Esquire
>Sedgwick LLP
>Brookfield Place
>225 Liberty Street, 28th Floor
>New York, NY  10281-1008
>Email: John.blancett@sedgwicklaw.com
>>Christopher.Losquadro@sedgwicklaw.com
>>Christopher.Novak@sedgwicklaw.com

*Attorneys for Defendant Continental Insurance Company, Fidelity and Deposit Insurance Company, St. Paul Mercury: Insurance Company:*

>Luke J. Busam, Esquire
>Frost Brown Todd LLC
>3300 Great American Tower
>301 E. Fourth Street
>Cincinnati, OH  45202
>Email: lbusam@fbtlaw.com

>Julia Blackwell Gelinas, Esquire
>Bryan S. Strawbridge, Esquire
>Frost Brown Todd, LLC
>201 N. Illinois Street, Suite 1900
>P.O. Box 44961
>Indianapolis, IN  46244-0961
>Email: jgelinas@fbtlaw.com
>>bstrawbridge@fbtlaw.com

/S/  Mark J. Byrne
**MARK J. BYRNE (0029243)**
*Trial Counsel for Defendant Fifth Third Bancorp and Plaintiff Fifth Third Bancorp and Third Bank*