# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **RLI INSURANCE COMPANY** | Civil Action No. **1:14cv802** |
| Plaintiff | Judge: **Sandra S. Beckwith** |
| vs. | Magistrate: **Stephanie K. Bowman** |
| **FIFTH THIRD BANCORP** | |
| Defendant | |
| **FIFTH THIRD BANCORP**, an Ohio Corporation, and **FIFTH THIRD BANK**, an Ohio Banking Corporation | Civil Action No. **1:14cv869** |
| Plaintiff | **NOTICE TO TAKE DEPOSITION OF FIDELITY AND DEPOSIT INSURANCE COMPANY  PURSUANT TO FED. R. CIV. P. 30(b)(6)** |
| vs. | |
| **CERTAIN UNDERWRITERS AT LLOYD'S SUBSCRIBING TO POLICY B0509QA048710, B0509QA051310, 81906760, et al.** | |
| Defendants | |

Fifth Third Bancorp, an Ohio corporation, and Fifth Third Bank, an Ohio banking corporation ("Fifth Third"), by and through counsel, and pursuant to Fed. R. Civ. P. 30(b)(6) hereby provides notice to Fidelity and Deposit Insurance Company ("Fidelity") that it intends to take the deposition of a Fidelity representative or representatives on the topics/areas of inquiry listed below.  Under Fed. R. Civ. P. 30(b)(6), Fidelity shall designate one or more of its officers, directors or managing agents or other persons who consent to testify on its behalf to the following issues.

The deposition shall commence at 9:30 a.m. on November 18, 2015, and will be taken at the law offices of Luke J. Busam, Frost Brown Todd LLC, 3300 Great American Tower, 301 E. Fourth Street, Cincinnati, Ohio, 45202, by stenography and video.  You are invited to attend and participate.

## TOPICS/AREAS OF INQUIRY

1. The efforts undertaken by Fidelity to locate documents responsive to Fifth Third's First Set of Interrogatories and First Request for Production of Documents to Fidelity.  This shall include a person to testify as to the efforts undertaken by Fidelity to search for any electronically stored information (ESI), the process used to search for ESI, the custodians of any ESI for which a search was undertaken, and any keywords utilized in that search.  This person shall also be prepared to testify as to the identification of individuals who contributed to each of Fidelity's interrogatory responses and the substance of their contribution to those responses.

2. The date of the initiation of any litigation hold implemented by Fidelity in response to any of the issues raised in Fidelity's Complaint.  This person should be prepared to testify as to the efforts undertaken by Fidelity in instituting a litigation hold.

3. The material facts upon which Fidelity relies at page 5 of its Answer to deny paragraph 14 of Plaintiff's First Amended Complaint.

4. The material facts upon which Fidelity relies at pages 7 – 9 of its Answer to deny paragraph  22 of Plaintiff's First Amended Complaint.

5. The material facts upon which Fidelity relies at pages 9 – 10 of its Answer to deny paragraph 23 of Plaintiff's First Amended Complaint.

6. The material facts upon which Fidelity relies at page 10 of its Answer to deny paragraph 24 of Plaintiff's First Amended Complaint.

7. Except for the allegations admitted by Fidelity, the material facts upon which Fidelity relies at page 11 of its Answer to deny paragraph 25 of Plaintiff's First Amended Complaint.

8. Except for the allegations admitted by Fidelity, the material facts upon which Fidelity relies at page 11 of its Answer to deny paragraph 26 of Plaintiff's First Amended Complaint.

9. The material facts upon which Fidelity relies at page 11 of its Answer to deny paragraph 28 of Plaintiff's First Amended Complaint.

10. Except for the allegations admitted by Fidelity, the material facts upon which Fidelity relies at page 12 of its Answer to deny paragraph 29 of Plaintiff's First Amended Complaint.

11. Except for the allegations admitted by Fidelity, the material facts upon which Fidelity relies at page 12 of its Answer to deny paragraph 30 of Plaintiff's First Amended Complaint.  Fidelity should be prepared to testify to the "good faith basis" it relied upon to refuse to make payments under the Bonds.

12. The material facts upon which Fidelity relies at page 12 of its Answer to deny paragraph 31 of Plaintiff's First Amended Complaint.

13. The material facts upon which Fidelity relies at page 12 of its Answer to deny paragraph 32 of Plaintiff's First Amended Complaint.

14. The material facts upon which Fidelity relies at page 13 of its Answer to deny paragraph 34 of Plaintiff's First Amended Complaint.

15. The material facts upon which Fidelity relies at page 13 of its Answer to deny paragraph 35 of Plaintiff's First Amended Complaint.

16. The materials efforts undertaken by Fidelity to investigate Fifth Third's claim for payment and reimbursement under the Bond Policy issued by Fidelity.

17. The material facts upon which Fidelity relies to assert its First Affirmative Defense.

18. The material facts upon which Fidelity relies to assert its Second Affirmative Defense.

19. The material facts upon which Fidelity relies to assert its Third Affirmative Defense.

20. The material facts upon which Fidelity relies to assert its Fourth Affirmative Defense.

21. The material facts upon which Fidelity relies to assert its Fifth Affirmative Defense.

22. The material facts upon which Fidelity relies to assert its Sixth Affirmative Defense.

23. The material facts upon which Fidelity relies to assert its Seventh Affirmative Defense.

24. The material facts upon which Fidelity relies to assert its Eighth Affirmative Defense.

25. The material facts upon which Fidelity relies to assert its Ninth Affirmative Defense.

26. The material facts upon which Fidelity relies to assert its Tenth Affirmative Defense.

27. The material facts upon which Fidelity relies to assert its Eleventh Affirmative Defense.

28. The material facts upon which Fidelity relies to assert its Twelfth Affirmative Defense.

29. The material facts upon which Fidelity relies to assert its Thirteenth Affirmative Defense.

30. The material facts upon which Fidelity relies to assert its Fifteenth Affirmative Defense.

31. The material facts upon which Fidelity relies to assert its Sixteenth Affirmative Defense.

32. The material facts upon which Fidelity relies to assert its Seventh Affirmative Defense.

33. The material facts upon which Fidelity relies to assert its Eighteenth Affirmative Defense.

34. The material facts upon which Fidelity relies to assert its Nineteenth Affirmative Defense.

35. The material facts upon which Fidelity relies to assert its Twenty-First Affirmative Defense.

36. The material facts upon which Fidelity relies to assert its Twenty-Second Affirmative Defense.

37. The identification of information or correspondence Fidelity believes is protected by the attorney/client or work product privileges as asserted by Fidelity in response to

interrogatory nos. 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40 and 41.

38. The date Fidelity denied coverage to Fifth Third under the Bonds and the identification of the person or persons who made the decision on behalf of Fidelity to deny coverage to Fifth Third under the bonds, and the material facts upon which the denial decision was based.

39. The identification of outside counsel who advised Fidelity on the issue of whether or not coverage existed for the claim submitted by Fifth Third for coverage under the Bond policies for the fraud of Matthew Ross, and when and to whom that advice was provided.

40. The date Fidelity concluded that litigation was anticipated by Fifth Third against Fidelity for coverage under the Bond policies for the fraud of Matthew Ross, and the identity of the individuals who came to that conclusion and the material facts upon which Fidelity relied in concluding that litigation against Fidelity was anticipated.

41. The identification of each Fidelity employee or agent who was involved in the investigation and/or adjustment of Fifth Third's claims of coverage under the Bond policies for the fraud of Matthew Ross, including the date said employee or agent became involved and the nature of the activities they undertook relating to their investigation.

42. The identification of the levels of reserve that have been set aside for Fifth Third's claim of coverage under the Bond policies for the fraud of Matthew Ross, and the material facts upon which Fidelity relied in establishing the reserves and/or valuation of the Fifth Third claim.

43. The identification, location and custodian of any claims materials or files regarding Fifth Third's claim of coverage under the Bond policies for the fraud of Matthew Ross.

44. The identification of any other claim made by an insured against Fidelity for payment under a Fidelity Bond similar in language to the one at issue in the present case between 2008 to 2011.

45. The identification of any policies or procedures relating to the administration or investigation of a claim brought by an insured against Fidelity between 2008 to 2011.

        RESPECTFULLY SUBMITTED,


        /S/ Mark J. Byrne
        **MARK J. BYRNE (0029243)**
        **KENNETH F. SEIBEL (0025168)**
        JACOBS, KLEINMAN, SEIBEL & McNALLY
        Cincinnati Club Building
        30 Garfield Place
        Cincinnati, OH 45202
        Phone: (513) 381-6600
        Fax: (513) 381-4150
        Email: mbyrne@jksmlaw.com
           kseibel@jksmlaw.com
        *Trial Counsel for Defendant Fifth Third Bancorp*
        *and Plaintiff Fifth Third Bancorp and*
        *Third Bank*


        /S/ Charles E. Turnbull
        **CHARLES E. TURNBULL** (Pro Hac Vice)
        **LAWRENCE M. SCOTT** (Pro Hac Vice)
        **MARC D. KASZUBSKI** (Pro Hac Vice)
        O'REILLY RANCILIO P.C.
        12900 Hall Road, Suite 350
        Sterling Heights, MI 48313
        Phone: (586) 726-1000
        Fax: (586) 726-1560
        Email: cturnbull@orlaw.com
           lscott@orlaw.com
           mkaszubski@orlaw.com
        *Co- Counsel for Defendant Fifth Third Bancorp*
        *and Plaintiff Fifth Third Bancorp and*
        *Third Bank*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

*Attorneys for Plaintiff RLI Insurance Company:*

Robert W. Hojnoski, Esquire
Carrie M. Starts, Esquire
Nathan A. Lennon, Esquire
Reminger Co., LPA
525 Vine Street, Suite 1700
Cincinnati, OH  45202
Email: rhojnoski@reminger.com
cstarts@reminger.com
nlennon@reminger.com

Scott L. Schmookler, Esquire
Regina A. Ripley, Esquire
Ji-Yeon Suh, Esquire
Gordon & Rees, LLP
One North Franklin, Suite 8800
Chicago, IL  60606
Email: sschmookler@gordonrees.com
rripley@gordonrees.com
jsuh@gordonrees.com

*Attorneys for Defendant Certain Underwriters at Lloyd's Subscribing*
*to Policy Numbers B0509QA048710 and B0509QA051310,*
*Axis Insurance Company and Federal Insurance Company:*

David P. Kamp, Esquire
Brian D. Goldwasser, Esquire
Jean Geoppinger McCoy, Equire
White, Getgey & Meyer Co. LPA
Fourth and Vine Tower
One West Fourth Street, Suite 1700
Cincinnati, OH 45202
Email: dkamp@wgmlpa.com
bgoldwasser@wgmlpa.com
jmccoy@wgmlpa.com

8

John W. Blancett, Esquire
Christopher J. Losquadro, Esquire
Christopher C. Novak, Esquire
Sedgwick LLP
Brookfield Place
225 Liberty Street, 28th Floor
New York, NY  10281-1008
Email: John.blancett@sedgwicklaw.com
Christopher.Losquadro@sedgwicklaw.com
Christopher.Novak@sedgwicklaw.com

*Attorneys for Defendant Fidelity Insurance Company,
Fidelity and Deposit Insurance Company, St. Paul Mercury:
Insurance Company:*

Luke J. Busam, Esquire
Frost Brown Todd LLC
3300 Great American Tower
301 E. Fourth Street
Cincinnati, OH  45202
Email: lbusam@fbtlaw.com

Julia Blackwell Gelinas, Esquire
Bryan S. Strawbridge, Esquire
Frost Brown Todd, LLC
201 N. Illinois Street, Suite 1900
P.O. Box 44961
Indianapolis, IN  46244-0961
Email: jgelinas@fbtlaw.com
bstrawbridge@fbtlaw.com

/S/  Mark J. Byrne
**MARK J. BYRNE (0029243)**
*Trial Counsel for Defendant Fifth Third Bancorp
and Plaintiff Fifth Third Bancorp and
Third Bank*