# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **RLI INSURANCE COMPANY** | Civil Action No. **1:14cv802** |
| Plaintiff | Judge: **Sandra S. Beckwith** |
| vs. | Magistrate: **Stephanie K. Bowman** |
| **FIFTH THIRD BANCORP** | |
| Defendant | |
| **FIFTH THIRD BANCORP, an Ohio Corporation, and FIFTH THIRD BANK, an Ohio Banking Corporation** | Civil Action No. **1:14cv869** |
| Plaintiff | **NOTICE TO TAKE DEPOSITION OF ST. PAUL MERCURY INSURANCE COMPANY PURSUANT TO FED. R. CIV. P. 30(b)(6)** |
| vs. | |
| **CERTAIN UNDERWRITERS AT LLOYD'S SUBSCRIBING TO POLICY B0509QA048710, B0509QA051310, 81906760, et al.** | |
| Defendants | |

Fifth Third Bancorp, an Ohio corporation, and Fifth Third Bank, an Ohio banking corporation ("Fifth Third"), by and through counsel, and pursuant to Fed. R. Civ. P. 30(b)(6) hereby provides notice to St. Paul Mercury Insurance Company ("St. Paul") that it intends to take the deposition of a St. Paul representative or representatives on the topics/areas of inquiry listed below. Under Fed. R. Civ. P. 30(b)(6), St. Paul shall designate one or more of its officers, directors or managing agents or other persons who consent to testify on its behalf to the following issues.

The deposition shall commence at 9:30 a.m. on November 19, 2015, and will be taken at the law offices of Luke J. Busam, Frost Brown Todd LLC, 3300 Great American Tower, 301 E. Fourth Street, Cincinnati, Ohio, 45202, by stenography and video. You are invited to attend and participate.

## TOPICS/AREAS OF INQUIRY

1. The efforts undertaken by St. Paul to locate documents responsive to Fifth Third's First Set of Interrogatories and First Request for Production of Documents to St. Paul. This shall include a person to testify as to the efforts undertaken by St. Paul to search for any electronically stored information (ESI), the process used to search for ESI, the custodians of any ESI for which a search was undertaken, and any keywords utilized in that search. This person shall also be prepared to testify as to the identification of individuals who contributed to each of St. Paul's interrogatory responses and the substance of their contribution to those responses.

2. The date of the initiation of any litigation hold implemented by St. Paul in response to any of the issues raised in St. Paul's Complaint. This person should be prepared to testify as to the efforts undertaken by St. Paul in instituting a litigation hold.

3. The material facts upon which St. Paul relies at page 5 of its Answer to deny paragraph 14 of Plaintiff's First Amended Complaint.

4. The material facts upon which St. Paul relies at pages 7 – 9 of its Answer to deny paragraph 22 of Plaintiff's First Amended Complaint.

5. The material facts upon which St. Paul relies at pages 9 – 10 of its Answer to deny paragraph 23 of Plaintiff's First Amended Complaint.

6. The material facts upon which St. Paul relies at page 10 of its Answer to deny paragraph 24 of Plaintiff's First Amended Complaint.

7. Except for the allegations admitted by St. Paul, the material facts upon which St. Paul relies at page 11 of its Answer to deny paragraph 25 of Plaintiff's First Amended Complaint.

8. Except for the allegations admitted by St. Paul, the material facts upon which St. Paul relies at page 11 of its Answer to deny paragraph 26 of Plaintiff's First Amended Complaint.

9. The material facts upon which St. Paul relies at page 12 of its Answer to deny paragraph 28 of Plaintiff's First Amended Complaint.

10. Except for the allegations admitted by St. Paul, the material facts upon which St. Paul relies at page 12 of its Answer to deny paragraph 29 of Plaintiff's First Amended Complaint.

11. Except for the allegations admitted by St. Paul, the material facts upon which St. Paul relies at page 12 of its Answer to deny paragraph 30 of Plaintiff's First Amended Complaint.  St. Paul should be prepared to testify to the "good faith basis" it relied upon to refuse to make payments under the Bonds.

12. The material facts upon which St. Paul relies at page 12 of its Answer to deny paragraph 31 of Plaintiff's First Amended Complaint.

13. The material facts upon which St. Paul relies at page 12 of its Answer to deny paragraph 32 of Plaintiff's First Amended Complaint.

14. The material facts upon which St. Paul relies at page 13 of its Answer to deny paragraph 34 of Plaintiff's First Amended Complaint.

15. The material facts upon which St. Paul relies at page 13 of its Answer to deny paragraph 35 of Plaintiff's First Amended Complaint.

16. The materials efforts undertaken by St. Paul to investigate Fifth Third's claim for payment and reimbursement under the Bond Policy issued by St. Paul.

17. The material facts upon which St. Paul relies to assert its First Affirmative Defense.

18. The material facts upon which St. Paul relies to assert its Second Affirmative Defense.

19. The material facts upon which St. Paul relies to assert its Third Affirmative Defense.

20. The material facts upon which St. Paul relies to assert its Fourth Affirmative Defense.

21. The material facts upon which St. Paul relies to assert its Fifth Affirmative Defense.

22. The material facts upon which St. Paul relies to assert its Sixth Affirmative Defense.

23. The material facts upon which St. Paul relies to assert its Seventh Affirmative Defense.

24. The material facts upon which St. Paul relies to assert its Eighth Affirmative Defense.

25. The material facts upon which St. Paul relies to assert its Ninth Affirmative Defense.

26. The material facts upon which St. Paul relies to assert its Tenth Affirmative Defense.

27. The material facts upon which St. Paul relies to assert its Eleventh Affirmative Defense.

28. The material facts upon which St. Paul relies to assert its Twelfth Affirmative Defense.

29. The material facts upon which St. Paul relies to assert its Thirteenth Affirmative Defense.

30. The material facts upon which St. Paul relies to assert its Fifteenth Affirmative Defense.

31. The material facts upon which St. Paul relies to assert its Sixteenth Affirmative Defense.

32. The material facts upon which St. Paul relies to assert its Seventh Affirmative Defense.

33. The material facts upon which St. Paul relies to assert its Eighteenth Affirmative Defense.

34. The material facts upon which St. Paul relies to assert its Nineteenth Affirmative Defense.

35. The material facts upon which St. Paul relies to assert its Twenty-First Affirmative Defense.

36. The material facts upon which St. Paul relies to assert its Twenty-Second Affirmative Defense.

37. The identification of information or correspondence St. Paul believes is protected by the attorney/client or work product privileges as asserted by St. Paul in response to

interrogatory nos. 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40 and 41.

38. The date St. Paul denied coverage to Fifth Third under the Bonds and the identification of the person or persons who made the decision on behalf of St. Paul to deny coverage to Fifth Third under the bonds, and the material facts upon which the denial decision was based.

39. The identification of outside counsel who advised St. Paul on the issue of whether or not coverage existed for the claim submitted by Fifth Third for coverage under the Bond policies for the fraud of Matthew Ross, and when and to whom that advice was provided.

40. The date St. Paul concluded that litigation was anticipated by Fifth Third against St. Paul for coverage under the Bond policies for the fraud of Matthew Ross, and the identity of the individuals who came to that conclusion and the material facts upon which St. Paul relied in concluding that litigation against St. Paul was anticipated.

41. The identification of each St. Paul employee or agent who was involved in the investigation and/or adjustment of Fifth Third's claims of coverage under the Bond policies for the fraud of Matthew Ross, including the date said employee or agent became involved and the nature of the activities they undertook relating to their investigation.

42. The identification of the levels of reserve that have been set aside for Fifth Third's claim of coverage under the Bond policies for the fraud of Matthew Ross, and the material facts upon which St. Paul relied in establishing the reserves and/or valuation of the Fifth Third claim.

43. The identification, location and custodian of any claims materials or files regarding Fifth Third's claim of coverage under the Bond policies for the fraud of Matthew Ross.

44. The identification of any other claim made by an insured against St. Paul for payment under a Fidelity Bond similar in language to the one at issue in the present case between 2008 to 2011.

45. The identification of any policies or procedures relating to the administration or investigation of a claim brought by an insured against St. Paul between 2008 to 2011.

RESPECTFULLY SUBMITTED,

/S/  Mark J. Byrne
**MARK J. BYRNE (0029243)**
**KENNETH F. SEIBEL (0025168)**
JACOBS, KLEINMAN, SEIBEL & McNALLY
Cincinnati Club Building
30 Garfield Place
Cincinnati, OH  45202
Phone:   (513) 381-6600
Fax:      (513) 381-4150
Email:   mbyrne@jksmlaw.com
             kseibel@jksmlaw.com
*Trial Counsel for Defendant Fifth Third Bancorp and Plaintiff Fifth Third Bancorp and Third Bank*


/S/  Charles E. Turnbull
**CHARLES E. TURNBULL** (Pro Hac Vice)
**LAWRENCE M. SCOTT** (Pro Hac Vice)
**MARC D. KASZUBSKI** (Pro Hac Vice)
O'REILLY RANCILIO P.C.
12900 Hall Road, Suite 350
Sterling Heights, MI  48313
Phone: (586) 726-1000
Fax:    (586) 726-1560
Email: cturnbull@orlaw.com
            lscott@orlaw.com
            mkaszubski@orlaw.com
*Co- Counsel for Defendant Fifth Third Bancorp and Plaintiff Fifth Third Bancorp and Third Bank*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

*Attorneys for Plaintiff RLI Insurance Company:*

Robert W. Hojnoski, Esquire
Carrie M. Starts, Esquire
Nathan A. Lennon, Esquire
Reminger Co., LPA
525 Vine Street, Suite 1700
Cincinnati, OH  45202
Email: rhojnoski@reminger.com
           cstarts@reminger.com
           nlennon@reminger.com

Scott L. Schmookler, Esquire
Regina A. Ripley, Esquire
Ji-Yeon Suh, Esquire
Gordon & Rees, LLP
One North Franklin, Suite 8800
Chicago, IL  60606
Email: sschmookler@gordonrees.com
           rripley@gordonrees.com
           jsuh@gordonrees.com

*Attorneys for Defendant Certain Underwriters at Lloyd's Subscribing*
*to Policy Numbers B0509QA048710 and B0509QA051310,*
*Axis Insurance Company and Federal Insurance Company:*

David P. Kamp, Esquire
Brian D. Goldwasser, Esquire
Jean Geoppinger McCoy, Equire
White, Getgey & Meyer Co. LPA
Fourth and Vine Tower
One West Fourth Street, Suite 1700
Cincinnati, OH 45202
Email: dkamp@wgmlpa.com
           bgoldwasser@wgmlpa.com
           jmccoy@wgmlpa.com

>John W. Blancett, Esquire
>Christopher J. Losquadro, Esquire
>Christopher C. Novak, Esquire
>Sedgwick LLP
>Brookfield Place
>225 Liberty Street, 28th Floor
>New York, NY  10281-1008
>Email: John.blancett@sedgwicklaw.com
>        Christopher.Losquadro@sedgwicklaw.com
>        Christopher.Novak@sedgwicklaw.com

*Attorneys for Defendant St. Paul Insurance Company,
Fidelity and Deposit Insurance Company, St. Paul Mercury:
Insurance Company:*

>Luke J. Busam, Esquire
>Frost Brown Todd LLC
>3300 Great American Tower
>301 E. Fourth Street
>Cincinnati, OH  45202
>Email: lbusam@fbtlaw.com

>Julia Blackwell Gelinas, Esquire
>Bryan S. Strawbridge, Esquire
>Frost Brown Todd, LLC
>201 N. Illinois Street, Suite 1900
>P.O. Box 44961
>Indianapolis, IN  46244-0961
>Email: jgelinas@fbtlaw.com
>        bstrawbridge@fbtlaw.com

/S/  Mark J. Byrne
**MARK J. BYRNE (0029243)**
*Trial Counsel for Defendant Fifth Third Bancorp
and Plaintiff Fifth Third Bancorp and
Third Bank*