UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **RLI INSURANCE COMPANY** | : | Civil Action No. **1:14cv802** |
| | : | |
| Plaintiff | : | Judge: **Sandra S. Beckwith** |
| | : | Magistrate: **Stephanie K. Bowman** |
| vs. | : | |
| | : | |
| **FIFTH THIRD BANCORP** | : | |
| | : | |
| Defendant | : | |
| | : | |
| **FIFTH THIRD BANCORP, an Ohio Corporation, and FIFTH THIRD BANK, an Ohio Banking Corporation** | : | Civil Action No. **1:14cv869** |
| | : | |
| | : | Judge: **Sandra S. Beckwith** |
| Plaintiff | : | Magistrate: **Stephanie K. Bowman** |
| | : | |
| vs. | : | |
| | : | |
| **CERTAIN UNDERWRITERS AT LLOYD'S SUBSCRIBING TO POLICY B0509QA048710, B0509QA051310, 81906760, et al.** | : | |
| | : | |
| | : | |
| | : | |
| Defendants | : | |

_____

**FIFTH THIRD BANK'S OBJECTIONS TO THE MAGISTRATE JUDGE'S
MEMORANDUM ORDER OF JULY 27, 2016 (DOC. 62)**
_____

Now comes Fifth Third Bank ("Fifth Third") and pursuant to Fed. R. Civ. P. 72 hereby

submits its objections to the Magistrate Judge's Memorandum Order of July 27, 2016. (Doc. 62).

RESPECTFULLY SUBMITTED,

/S/  Mark J. Byrne
**MARK J. BYRNE (0029243)**
**KENNETH F. SEIBEL (0025168)**
JACOBS, KLEINMAN, SEIBEL & McNALLY
Cincinnati Club Building
30 Garfield Place
Cincinnati, OH  45202
Phone:  (513) 381-6600
Fax:      (513) 381-4150
Email:    mbyrne@jksmlaw.com
          kseibel@jksmlaw.com
*Trial Counsel for Defendant Fifth Third Bancorp*
*and Plaintiff Fifth Third Bancorp and Fifth*
*Third Bank*


/S/  Charles E. Turnbull
**CHARLES E. TURNBULL** (Pro Hac Vice)
**LAWRENCE M. SCOTT** (Pro Hac Vice)
**MARC D. KASZUBSKI** (Pro Hac Vice)
O'REILLY RANCILIO P.C.
12900 Hall Road, Suite 350
Sterling Heights, MI  48313
Phone: (586) 726-1000
Fax:      (586) 726-1560
Email: cturnbull@orlaw.com
       lscott@orlaw.com
       mkaszubski@orlaw.com
*Co- Counsel for Defendant Fifth Third Bancorp*
*and Plaintiff Fifth Third Bancorp and Fifth*
*Third Bank*


## MEMORANDUM

**I.**     **Introduction**.

Fifth Third objects to the Magistrate's July 27, 2016 Memorandum Order ("Order")

staying all discovery until October 3, 2016, relating to Fifth Third's bad faith allegation against

the insurers in this case.[1] (Doc. 62, PAGEID # 955, Case No. 1:14cv802, hereinafter referred to as "Case 802").  In her Order, the Magistrate recognized that "[t]here is no question that much of the discovery sought by Fifth Third from the insurers may be relevant to the issue of bad faith under Ohio law, regardless of whether the bad faith allegation is construed as a separate tort claim or merely as a component of the breach of contract claim." (Doc. 62, PAGEID #981, Case 802).  Nevertheless, the Magistrate erroneously found a limited bifurcated stay of discovery was necessary for two reasons.  First, despite the lack of any evidence, the Magistrate determined that without a stay the insurers would be inhibited in their ability to defend the breach of contract claim because discovery of the insurers' attorney-client communications and/or attorney work product would be prejudicial to them. (Doc. 62, PAGEID #951, Case 802).  Second, the Magistrate concluded that a stay of discovery on Fifth Third's bad faith allegations until October 3, 2016, would further the interests of judicial economy. (Doc. 62, PAGEID #951-952, Case 802).  For the foregoing reasons, Fifth Third respectfully submits that the Magistrate's Order is contrary to law and clearly erroneous.[2]

Initially, the insurers agreed that discovery should occur on all issues in the case and that bifurcation was unnecessary.  After engaging in 14 months of discovery, the insurers unilaterally revoked their assent and filed a belated motion for a protective order.  Their lack of diligence in protecting whatever legal rights may exist in avoiding the production of relevant discovery should not be rewarded by an order granting their bifurcation request.  Additionally, the relevant

---

[1] The insurers in this case are Certain Underwriters at Lloyds Subscribing to Policy Nos. B0509QA048710 and B0509QA051310, Axis Insurance Company and Federal Insurance Company (hereinafter referred to as the "Lloyds Insurers or collectively the "insurers"), RLI Insurance Company, Continental Insurance Company, Fidelity and Deposit Insurance Company of Maryland and St. Paul Mercury Insurance (Doc. 62, PAGEID #948, Case 802).

[2] Fed. R. Civ. P. 72(a) provides that a district judge shall consider a party's objection to a magistrate's order on nondispositive matters and shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law.

legal authority in this district holds that the discovery of attorney client and work product materials assembled by the insurers in evaluating the strength of Fifth Third's bond claim are discoverable. Thus, the mere assertion of prejudice in producing these relevant documents must be corroborated by a specific showing demonstrating the actual prejudice that will occur. The insurers failed to meet this burden. Finally, rather than furthering the interests of judicial economy, the Magistrate's Order granting a stay increases the amount of resources that must be expended by the parties and the Court in resolving this case. Consequently, the Magistrate's July 27, 2016 Order must be set aside.

## II.    **The Applicable Law Relating to a Stay or Bifurcation of Fifth Third's Breach of Contract Claim from its Bad Faith Allegations.**

Courts in this district have emphasized that "there is no absolute rule that a coverage claim should always be bifurcated from a bad faith claim". *Gen. Elec. Credit Union v. Nat'l Fire Ins. of Hartford,* No. 1:09-cv-143, 2009 U.S. Dist. LEXIS 96085 (S.D. Ohio 2009); *Chubb Custom Ins. Co. v. Grange Mut. Cas. Co.*, No. 2:07-cv-1285, 2008 U.S. Dist. LEXIS 91496 (S.D. Ohio, 2008). Instead, a Court must take into account the benefits and detriments to each party's interest which a stay would occasion, and must take into account the Court's interest in reaching a just, speedy and efficient resolution of the issues raised by the pleadings. *Woods v. State Farm Fire & Cas. Co.,* No. 2:09-cv-482, 2010 U.S. Dist. LEXIS 35230, at para. 8 (S.D. Ohio, 2010). Thus, Courts in this district have cautioned that:

> "whether bifurcation or a stay is appropriate [must be reviewed] according to the circumstances in each individual case. *Maxey v. State Farm Fire & Cas. Co.*, 569 F.Supp.2d 720, 723 (S.D. Ohio 2008). A party cannot rely on mere assertions that permitting discovery on the bad faith claim will prejudice its ability to defend the underlying coverage claim; a specific showing is required. See *Bondex Int'l, Inc. v. Hartford Accident & Indem. Co.*, No. 1:03-cv-1322, 2004 U.S. Dist. LEXIS 28795 at para. 14 n.6 (N.D. Ohio, 2004); *Gaffney v. Federal Ins. Co.*, No. 5:08-cv-76, 2008 U.S.

4

> Dist. LEXIS 64450 at paras. 5-6 (N.D. Ohio, 2008).  Similarly, a
> party may not rely on the mere possibility that resolution of the
> coverage issue may preclude a bad faith claim.  Where defendants
> have not sustained their burden of proof, motions to bifurcate and
> to stay have been denied."

*Penn Star Ins. Co. v. Barr Bros. Plastering Co.*, No. 2:10-cv-00587, 2011 U.S. Dist. LEXIS

26308 at para. 6 (S.D. Ohio, 2011).  In addition, a court must take into consideration the

prejudice to the plaintiff and the interest of judicial economy if the court grants a stay of

discovery.  *Maxey v. State Farm Fire & Cas. Co.*, 569 F.Supp.2d at 723.

**III.   A Review of the Entire Record Confirms the Magistrate's Order is Both Contrary to the Applicable Law and Clearly Erroneous.**

**A.   All Insurers Agreed to Conduct and Voluntarily Undertook Discovery Regarding Fifth Third's Bad Faith Allegations and Staying any Further Discovery on That Issue is Prejudicial to Fifth Third.**

Fifth Third's November 10, 2014 initial Complaint unequivocally asserted that the

insurers had engaged in bad faith. (Doc. 1, Case No. 1:14-cv-869, hereinafter referred to as "Case

869").  The bad faith allegation is tied to the breach of contract claim.  In paragraph 28, Fifth

Third alleged that the insurers had failed to investigate the [Bond] claim in a reasonable or

appropriate time or manner.  (Doc. 1, PAGEID #10, Case 869).  Accordingly, Fifth Third alleged

that the insurers had acted in bad faith in breaching their contractual obligations to pay under the

bond. (Doc. 1, PAGEID #11, Case 869).

On January 14, 2015 Fifth Third Bank filed an amended complaint against the insurers.

(Doc. 24, Case 869).  In the amended complaint Fifth Third reasserted its bad faith allegation by

alleging:

> "28.   Defendants have failed to investigate the claim in a reasonable and
> appropriate time or manner.
>                                            . . .
> 36.   Defendants have acted in bad faith in breaching their contractual
> obligations to pay Plaintiffs under the Bonds by failing to

acknowledge the overwhelming evidence of dishonest and
fraudulent acts submitted by Plaintiffs in support of their claims."
(Doc. 24, PAGEID #263-264, Case 869).

The insurers filed their answer to Plaintiffs' First Amended Complaint on February 4, 2015

denying the allegations in paragraphs 28 and 36 to Fifth Third's amended complaint. (Doc. 27,

PAGEID #456-457, Case 869).[3]

     As required under Fed. R. Civ. P. 26(f) and this Court's General Standing Orders on Civil

Procedures, all parties met in February 2015 to discuss the issues that existed in the case.   At no

time during the February 2015 conference did any of the six attorneys representing the insurers

complain that their clients would be prejudiced by proceeding on Fifth Third's bad faith claim.

(Doc. 62-1, PAGEID #1160, Case 802).  Nor did any of their six attorneys suggest that

bifurcation of discovery relating to Fifth Third's bad faith allegations in its complaint would be

necessary.  (Doc. 62-1, PAGEID #1160, Case 802).

     The parties filed their Discovery Plan with the Court on February 26, 2015.  (Doc. 29,

PAGEID # 335, Case 802).  Because none of the 15 lawyers representing all of the insurers

raised a concern about the scope of discovery, the parties affirmatively agreed in the proposed

discovery plan that "[d]iscovery will need to be conducted on the issues of:  all issues raised in

the complaint, counterclaim, answers, and damages."  (Emphasis added).  The parties expressly

agreed "that discovery need not be bifurcated". (Emphasis added) (Doc. 29, PAGEID #336, Case

802).  The insurers did not seek any limitations on discovery and agreed that any motions

relative to the pleadings must be filed on or before October 31, 2015.  (Doc. 29, PAGEID #338,

Case 802).

---

[3] The concurrent allegations relating to the issues of bad faith committed by RLI are fully set forth in Fifth Third's memorandum opposing RLI's motion for a protective order. (Doc. 49, PAGEID #651-652, Case 802).

**1.  <u>The Lloyds' Insurers Engaged in Substantial Discovery Related to Fifth Third's Bad Faith Allegations.</u>**

In reliance upon the insurers' representations, Fifth Third served its First Set of Interrogatories and Request for Production of Documents on the Lloyds insurers on March 3, 2015. (Doc. 53-1, PAGEID #718 at para. 23, Case 869).  Interrogatory 23 sought the following information:

> "23.    Identify the material acts undertaken by the Defendants or their agents to investigate Plaintiffs' claim for payment under the bonds. With respect to the investigation identify each individual and their last known address, email and telephone number who participated in such investigation." (Doc. 53-20, PAGEID #822, Case 869).

Fifth Third also requested that the insurers produce documents relevant to Fifth Third's bad faith claims:

> "19.    Produce all documents upon which the Defendants rely to deny the allegations contained in paragraph 28 [Defendants have failed to investigate the claim in a reasonable and appropriate time or manner] of Plaintiffs' First Amended Complaint.
> . . .
> 26.    Produce all documents upon which the Defendants rely to deny the allegations contained in paragraph 36 [Defendants have acted in bad faith in breaching their contractual obligations to pay Plaintiffs under the Bonds by failing to acknowledge the overwhelming evidence of dishonest and fraudulent acts submitted by Plaintiffs in support of their claims] of Plaintiffs' First Amended Complaint.
> . . .
> 28.    Produce all documents relating to the investigation of Plaintiffs' claim for payment under the bonds."  (Doc. 53-20, PAGEID #827-829, Case 869).

On March 12, 2015 - after the discovery was served - all counsel, including the lawyers representing the insurers, attended the Preliminary Pretrial conference held by Magistrate Judge Bowman.  During the conference, none of the insurers' counsel objected to the Court's adoption of the agreed Discovery Plan, nor did they argue that they should not be required to answer

Interrogatory #23 or respond to Document Requests 19, 26, and 28. Finally, none of the insurers complained that discovery regarding Fifth Third's bad faith claim should be stayed, conducted in phases, or bifurcated. (Doc. 62-1, PAGEID #1160, Case 802). In reliance of the parties' representations, Magistrate Judge Bowman issued the Calendar Order for the case, (Doc. 35, PAGEID #535, Case 869), and Judge Beckwith issued her Scheduling Order. (Doc. 37, Case 869). Neither of these orders contained any provisions for bifurcation of discovery or a separate trial for Fifth Third's bad faith allegation.

On May 26, 2015 the Lloyds insurers served their responses to Fifth Third's discovery requests. In response to Interrogatory #23, each of the insurers indicated that they had reviewed millions of pages of material from Fifth Third, conducted an analysis of that material, but still were unable to conclude whether Fifth Third was entitled to coverage for its bond claim. (Doc. 53-24, PAGEID #956, Doc. 53-25, PAGEID #984, Doc. 53-26, PAGEID #1012, Case 869).

Between May 26, 2015 through March 2016 Fifth Third continued to seek discovery from the Lloyds insurers relating to its breach of contract claim and the allegation of bad faith.[4] The Lloyds insurers continued to withhold relevant documents and simply refused to produce answers and documents responsive to Interrogatory #23 and Document Requests 19, 26 and 28. They have taken the position that they are not required to respond to these requests.

**2. RLI also Engaged in Substantial Discovery Relating to Fifth Third's Bad Faith Allegations.**

On October 2, 2015 Fifth Third served a Notice to Take Deposition of RLI Insurance Company Pursuant to Fed. R. Civ. P. 30(b)(6). (Doc. 36, Case 802). By the notice Fifth Third

---

[4] Fifth Third's discovery efforts are more particularly described in its opposition papers to the Lloyds motion for a protective order. (Doc. 62, PAGEID #1142-1146, Case 869).

asked RLI to produce a corporate representative to testify on various topics including the following:

> 34, 41.    The facts upon which RLI relied to deny Fifth Third's allegations that it failed to investigate the bond claim in a reasonable and appropriate time and manner and/or acted in bad faith.[5]

On December 9, 2015, RLI produced a corporate representative who gave testimony to many of the foregoing topics including the issue of bad faith. (Doc. 49-1, PAGEID #664, Case 802).

Further, after engaging in responsive discovery regarding Fifth Third's bad faith claim, RLI initiated additional discovery directed toward Fifth Third relating to its bad faith allegations. On March 9, 2016 RLI issued an Amended Notice of Deposition to Fifth Third which contained 87 different topics. (Doc. 49-1, Exh. 2, Case 802).  RLI requested Fifth Third provide a representative to testify as to Fifth Third's claim of bad faith.

> 62. The facts supporting the allegation in paragraph 13 of the Counterclaim that "RLI has failed to investigate the claim in a reasonable or appropriate time or manner.

> 64. The facts supporting the allegation in paragraph 21 of the Counterclaim that "RLI has acted in bad faith…"  (Doc. 49-1, Exh. 3, Case 802).

Twenty days after filing the motion for protective order, RLI proceeded on April 6, 2016 with the deposition of Fifth Third's corporate representative.  During the deposition, RLI's counsel directed numerous questions to the representative asking him to identify the factual basis for the bad faith claim against RLI to which he responded.  (Doc. 49-1 at para. 4, Case 802). Subsequent to Fifth Third's corporate deposition, RLI refused to produce discovery responsive to Fifth Third's previous bad faith discovery requests.

---

[5] The bad faith request along with the other topics in the deposition notice can be found in Fifth Third's opposition papers to RLI's motion for a protective order. (Doc. 36, PAGEID #406-410, Case 802).

By allowing the insurers to conduct discovery over a 14-month period regarding Fifth Third's bad faith allegations, but thereafter issuing an order which prohibits Fifth Third from conducting reciprocal discovery, the Court has created an uneven playing field that is detrimental to Fifth Third's interest, inherently unfair, and prejudicially hampers its efforts to pursue its claims in this case.

    B.   **The Case Law in This Circuit Supports Fifth Third's Discovery Requests to the Insurers Regarding Its Bad Faith Allegations and Therefore Should not be Subject to a Stay.**

Under Ohio law, a party such as Fifth Third may seek recovery for the bad faith conduct of an insurer arising out of a breach of contract obligation.[6]  The remedy is described in the case of *SST Bearing Corporation v. Twin City Fan Companies, LTD*, 1st Dist. No. C-110611, 2012 Ohio App. LEXIS 2248 (2012) at para. 17.  In *SST Bearing*, the Ohio court held that an injured party is entitled to recover its attorney's fees upon a finding that the conduct of a party in failing to fulfill its contractual obligations was done in bad faith. *Id.*  The concept recognizing an award of attorney's fees for a bad faith breach of contract was recently reviewed by this Court in the case of *Avis Rent A Car Systems, LLC v. City of Dayton, Ohio*, S.D. Ohio No. 3:12-cv-399, 2015 U.S. Dist. LEXIS 129516 (S.D. Ohio, 2015).  Consistent with the ruling set forth in *SST Bearing Corp.*, this Court found that Ohio recognizes the recovery of attorney fees to a successful litigant based on bad faith conduct giving rise to a breach of contract claim. *Id.* at para. 25, 38.

The scope of discovery related to an allegation of bad faith was set forth in the case of *In re Prof'ls Direct Ins. Co.*, 578 F.3d 432, 442 (6th Cir. 2009).  In this case, the Sixth Circuit affirmed the trial court decision finding that, under Ohio law, in an action alleging bad faith

---

[6] The Magistrate found that Fifth Third had not pled a stand alone tort claim of bad faith. (Doc. 62, PAGEID #949, Case 802).  Although Fifth Third disagrees with that conclusion, the Magistrate's determination is not dispositive of the issues raised in this pleading as Fifth Third, out of an abundance of caution, will be filing a motion for leave to file an amended complaint adding a tort claim for bad faith against the insurers.

denial of insurance coverage, the insured is entitled to obtain discovery of claims file documents containing attorney client communications and work product which "may cast light" on the issue of bad faith. The application of the *Boone* holding by the Sixth Circuit has the effect of only requiring an insured to "allege the insurer's bad faith" in the complaint in order to discover communications between the insured and insurer's attorney. *Id*. citing to *Boone v. Vanliner*, 91 Ohio St.3d 209, 217, 2001 Ohio 51, 744 N.E.2d 154, 160 (Cook J. dissenting).

The effect of the foregoing case law is that documents between counsel and an insurance company created prior to the denial of coverage are not protected from discovery when a claim (or in this case an allegation) of bad faith exists. In *Jeffrey Decker v. Chubb National Insurance Company*, S.D. Ohio No. 1:15-cv-88, 2015 U.S. Dist. LEXIS 139824 (S.D. Ohio, 2015), citing *Boone v. Vanliner Ins. Co.,* 91 Ohio St.3d 209 (2001), this Court recently echoed the Ohio exception permitting discovery of documents maintained by an insurance company that may otherwise be protected by the attorney-client or work product privileges where the insured alleges a claim of bad faith.

> [W]e hold that in an action alleging bad faith denial of insurance coverage, the insured is entitled to discover claims file materials containing attorney-client communications related to the issue of coverage that were created prior to the denial of coverage. At that stage of the claims handling, the claims file materials will not contain work product, i.e. things prepared in anticipation of litigation, because at that point, it has not yet been determined whether coverage exists.

*Id.* at para. 4-5 citing to *Boone v. Vanliner Ins. Co.*, 91 Ohio St.3d 209 (2001). Thus, claims file materials showing an insured's lack of good faith in processing, evaluating, or refusing to pay a claim are unworthy of protection afforded by the attorney-client or work product privilege. *Id*. at para 5 citing to *Unklesbay v. Fenwick*, 167 Ohio App.3d 408, 2006-Ohio-2630, 855 N.E.2d 516, 521 (2nd Dist.).

In determining the scope of bad faith discovery, the Court referred the parties to the case

of *In re Prof'ls Direct Ins. Co.*, *supra*:

> Ohio courts have read *Boone* more broadly than *Professionals Direct*
> claims.  The leading Ohio Court of Appeals case *Garg v. State Auto. Mut.*
> *Ins. Co.*, 155 Ohio App.3d 258, 2003 Ohio 5960, 800 N.E.2d 757 (2003),
> read *Boone* to require the disclosure of all documents that "may cast light"
> on whether the insurer acted in bad faith. *Id.* at 763 . . .; *see also Boone*,
> 744 N.E.2d at 156 ("The issue before us is whether, in an action alleging
> bad faith denial of insurance coverage, the insured is entitled to obtain,
> through discovery, claims file documents containing attorney-client
> communications and work product that *may cast light* on whether the
> denial was made in bad faith") (emphasis added).  This, we believe, is a
> reasonable application of *Boone.*

*Id.* at para. 6 citing to *In re Prof'ls Direct Ins. Co.,* 578 F.3d at 442.  Accordingly, an insured is

entitled to any document in the possession of the insurers that "may cast light" on whether they

acted in bad faith including but not limited to those documents relevant to the issue of coverage,

claims processing, the steps taken to investigate a coverage claim, and billing invoices from

counsel. *Id* at para. 10-11.

Thus, Fifth Third is legally entitled to all documents that "may cast light" on the insurers'

actions in this case which includes all communications between counsel and the insurers

regarding the issue of coverage, the insurers' processing of Fifth Third's claim, the steps to

investigate the claim, the basis for rejecting coverage, or alternatively, for failing to reach a

coverage decision, and the billing invoices from counsel to the insurers.  The Magistrate's Order

effectively disregards the relevant law thereby prohibiting Fifth Third from being able to fully

proceed on its breach of contract claim.

**C. By Failing to Take Into Account the Benefits and Detriments to Fifth Third's Interests in this Case, the Magistrate's Order is Clearly Erroneous.**

**1. The Magistrate's Adoption of the Insurers' Mere Assertion of Prejudice Without Requiring the Presentation of Actual Evidence of Prejudice is Detrimental to Fifth Third's Legal Interest.**

Bifurcation is "the exception to the general rule" that favors resolving disputes in a single proceeding. *Chubb Custom Ins. Co. v. Grange Mut. Cas. Co.*, S.D. Ohio No. 2:07-cv-1285, 2008 U.S. Dist. LEXIS 91496 at para. 2 (S.D. Ohio, 2008) (citing *Lis v. Robert Packer Hosp.*, 579 F.2d 819, 824 (3d Cir. 1978). Therefore, a bifurcation decision should be grounded on the facts and circumstances of the individual case. *Saxion v. Titan-C-Manufacturing*, 86 F.3d 553, 556 (6th Cir. 1996). The party moving for bifurcation bears the burden of demonstrating that concerns of judicial economy and prejudice weigh in favor of granting the motion. *General Electric Credit Union v. National Fire Insurance of Hartford*, S.D. Ohio No. 1:09-cv-143, 2009 U.S. Dist. LEXIS 96085 (Sept. 30, 2009) at para. 6.

In this case, the insurers merely asserted that production of relevant documents, which they had agreed to produce in 2015, would be prejudicial to their defense of Fifth Third's breach of contract claim. The insurers' position has been rejected time and time again in this district. See *Woods v. State Farm Fire & Casualty Company*, S.D. Ohio, 2010 U.S. Dist. LEXIS 35230 at para. 7 (denying the motion to bifurcate based upon the failure of the insurance company to demonstrate it will suffer prejudice in the event the coverage and bad faith claims are tried together); *General Electric Credit Union v. National Fire Insurance of Hartford*, 2009 U.S. Dist. LEXIS 96085 at para. 7 (same); *Chubb Custom Ins. Co. v. Grange Mut. Cas. Co.*, 2008 U.S. Dist. LEXIS 91496, at para. 8 (denying motion to bifurcate where plaintiff failed to demonstrate that it would be unfairly prejudiced by producing documents and proceeding with all claims at once, including bad faith); *Bondex Int'l, Inc. v. Hartford Accident & Indemn. Co.*, N.D. Ohio No.

13

1:03-cv-1322, 2004 U.S. Dist. LEXIS 28795 (N.D. Ohio, 2004) at para. 12 (a defendant cannot rely upon mere assertions that permitting discovery on the bad faith claim will prejudice its ability to defend the underlying coverage claim; a specific showing is required).

By failing to meet their burden to specifically show the actual prejudice they would suffer by producing documents to which Fifth Third is legally entitled, the insurers should have met the same fate as the parties resisting discovery in the preceding cases identified above. The Magistrate's Order staying discovery is contrary to the plethora of authority existing in this district and therefore a basis under Fed. R. Civ. P. 72 to be set aside.

## 2. **Staying Discovery on Fifth Third's Bad Faith Allegations does not Further the Interest of Judicial Economy**.

The Magistrate held that staying discovery on Fifth Third's bad faith allegations would further the interest of judicial economy. (Doc. 62, PAGEID #951-952, Case 802). For the following reasons, the evidence in this case demonstrates that proceeding without a stay of discovery will further the interests of judicial economy for the court and the parties.

One way that the absence of a stay furthers the issue of judicial economy is that it eliminates discovery disputes over documents which pertain to the contract claim that may also relate to Fifth Third's bad faith allegations. *Wolf v. Geico Ins. Co.*, 682 F.Supp. 2d 197, 199 (D. RI. 2010) citing to *Gaffney v. Federal Ins. Co.,* 2008 U.S. Dist. LEXIS 64450 at para. 6. Documents exist in the possession of the Lloyds insurers which pertain to the contract claim that the insurers have refused to produce on the basis that they are responsive to Fifth Third's bad faith allegations. This includes the answers and documents responsive to Interrogatory #23 of Fifth Third's First Set of Interrogatories to the Lloyds insurers. The Lloyds insurers represented in their response to Interrogatory #23 that they had undertaken an analysis of Fifth Third's bond

claim. Yet, they refuse to produce this analysis. Without the imposition of the stay Order issued by the Magistrate, this dispute may not exist.

Second, the absence of a discovery stay will also eliminate the duplicative discovery now required by Fifth Third in the event it prevails on its contract claim. Without a stay, the discovery Fifth Third seeks relating to its bad faith allegations can be obtained in the normal course of the discovery process and will not need to be revisited on some future date.

Third, as described herein Fifth Third's bad faith allegations arise from its breach of contract claim and presumably that issue will be presented to the jury at the same time as Fifth Third submits the evidence in support of its contract claim against the insurers. The Magistrate's Order is prejudicial to Fifth Third by requiring a piece meal presentation of the cause of action contained in its complaint. Simultaneous discovery furthers the interest of judicial economy by allowing Fifth Third to present its case at one time thereby avoiding a bifurcated jury trial for the two pending cases on two separate issues. Instead of furthering the interest of judicial economy the Magistrate's Order has the opposite effect of exponentially increasing the costs, time and expense associated with prosecuting the case.

By balancing the equities between the parties, it is clear that the resulting prejudice to Fifth Third and the negative impact to judicial economy outweighs the speculative prejudice the insurers complain will occur to them in fulfilling their legal obligation to fully respond to Fifth Third's discovery requests. Accordingly, Fifth Third respectfully requests the Magistrate's Order be set aside and it be permitted to pursue discovery relating to its bad faith allegations.

RESPECTFULLY SUBMITTED,


/S/  Mark J. Byrne
**MARK J. BYRNE (0029243)**
**KENNETH F. SEIBEL (0025168)**
JACOBS, KLEINMAN, SEIBEL & McNALLY
Cincinnati Club Building
30 Garfield Place
Cincinnati, OH  45202
Phone:  (513) 381-6600
Fax:      (513) 381-4150
Email:    mbyrne@jksmlaw.com
             kseibel@jksmlaw.com
*Trial Counsel for Defendant Fifth Third Bancorp*
*and Plaintiff Fifth Third Bancorp and Fifth*
*Third Bank*


/S/  Charles E. Turnbull
**CHARLES E. TURNBULL** (Pro Hac Vice)
**LAWRENCE M. SCOTT** (Pro Hac Vice)
**MARC D. KASZUBSKI** (Pro Hac Vice)
O'REILLY RANCILIO P.C.
12900 Hall Road, Suite 350
Sterling Heights, MI  48313
Phone: (586) 726-1000
Fax:     (586) 726-1560
Email: cturnbull@orlaw.com
          lscott@orlaw.com
          mkaszubski@orlaw.com
*Co- Counsel for Defendant Fifth Third Bancorp*
*and Plaintiff Fifth Third Bancorp and Fifth*
*Third Bank*

16

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on August 17, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

*Attorneys for Plaintiff RLI Insurance Company:*

Robert W. Hojnoski, Esquire
Carrie M. Starts, Esquire
Nathan A. Lennon, Esquire
Reminger Co., LPA
525 Vine Street, Suite 1700
Cincinnati, OH  45202
Email: rhojnoski@reminger.com
         cstarts@reminger.com
         nlennon@reminger.com

Scott L. Schmookler, Esquire
Regina A. Ripley, Esquire
Ji-Yeon Suh, Esquire
Gordon & Rees, LLP
One North Franklin, Suite 8800
Chicago, IL  60606
Email: sschmookler@gordonrees.com
         rripley@gordonrees.com
         jsuh@gordonrees.com

*Attorneys for Defendant Certain Underwriters at Lloyd's Subscribing
to Policy Numbers B0509QA048710 and B0509QA051310,
Axis Insurance Company and Federal Insurance Company:*

David P. Kamp, Esquire
Brian D. Goldwasser, Esquire
Jean Geoppinger McCoy, Esquire
White, Getgey & Meyer Co. LPA
Fourth and Vine Tower
One West Fourth Street, Suite 1700
Cincinnati, OH 45202
Email: dkamp@wgmlpa.com
         bgoldwasser@wgmlpa.com
         jmccoy@wgmlpa.com

John W. Blancett, Esquire
Christopher J. Losquadro, Esquire
Christopher C. Novak, Esquire
Sedgwick LLP
Brookfield Place
225 Liberty Street, 28th Floor
New York, NY 10281-1008
Email: John.blancett@sedgwicklaw.com
       Christopher.Losquadro@sedgwicklaw.com
       Christopher.Novak@sedgwicklaw.com


*Attorneys for Defendant Continental Insurance Company,*
*Fidelity and Deposit Insurance Company, St. Paul Mercury:*
*Insurance Company:*

Luke J. Busam, Esquire
Frost Brown Todd LLC
3300 Great American Tower
301 E. Fourth Street
Cincinnati, OH 45202
Email: lbusam@fbtlaw.com

Julia Blackwell Gelinas, Esquire
Bryan S. Strawbridge, Esquire
Frost Brown Todd, LLC
201 N. Illinois Street, Suite 1900
P.O. Box 44961
Indianapolis, IN 46244-0961
Email: jgelinas@fbtlaw.com
       bstrawbridge@fbtlaw.com


/S/ Mark J. Byrne
**MARK J. BYRNE (0029243)**
*Trial Counsel for Defendant Fifth Third Bancorp*
*and Plaintiff Fifth Third Bancorp and*
*Third Bank*