# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

FIFTH THIRD BANCORP, an Ohio
corporation, and FIFTH THIRD BANK,
an Ohio banking corporation,                                Case No. 1:14cv869

        Plaintiffs,

        v.

CERTAIN UNDERWRITERS AT
LLOYD'S SUBSCRIBING TO POLICY
NUMBERS B0509QA048710 and B0509QA051310,
AXIS INSURANCE COMPANY, FEDERAL
INSURANCE COMPANY, CONTINENTAL
INSURANCE COMPANY, FIDELITY AND
DEPOSIT INSURANCE COMPANY and
ST. PAUL MERCURY INSURANCE COMPANY,

        Defendants.

## FIFTH THIRD'S MOTION FOR
## LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiffs Fifth Third Bancorp and Fifth Third Bank (collectively "Fifth Third") respectfully submit this Motion for Leave to File its Second Amended Complaint. The grounds for this Motion are more fully set forth in Fifth Third's accompanying Memorandum of Law, which is incorporated herein by reference in its entirety.

**WHEREFORE**, Fifth Third respectfully requests that this Court grant its Motion and allow Fifth Third to file its Second Amended Complaint.

Dated:  December 14, 2016

                                          Respectfully submitted,

/s/ Douglas R. Widin
Mark J. Byrne (0029243)
Kenneth F. Seibel (0025168)
Jacobs Kleinman Seibel & McNally Co. L.P.A.
30 Garfield Place, #905
Telephone:  513-381-6600
Facsimile:  513-381-4150
mbyrne@jksmlaw.com
kseibel@jksmlaw.com
**TRIAL COUNSEL FOR PLAINTIFFS**

Charles E. Turnbull
Lawrence M. Scott
Marc D. Kaszubski
12900 Hall Rd., Suite 350
Sterling Heights, MI 48313
586-726-1000
Fax: 586-726-1560
cturnbull@orlaw.com
cott@orlaw.com
mkaszubski@orlaw.com
**ADMITTED PRO HAC VICE**

David Halbreich
Traci Rea
Douglas Widin
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: 213 457 8033
Facsimile: 213 457 8080
dhalbreich@reedsmith.com
dwidin@reedsmith.com
trea@reedsmith.com
**ADMITTED PRO HAC VICE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| FIFTH THIRD BANCORP, an Ohio corporation, and FIFTH THIRD BANK, an Ohio banking corporation,<br>    Plaintiffs,<br><br>    v.<br><br>CERTAIN UNDERWRITERS AT LLOYD'S SUBSCRIBING TO POLICY NUMBERS B0509QA048710 and B0509QA051310, AXIS INSURANCE COMPANY, FEDERAL INSURANCE COMPANY, CONTINENTAL INSURANCE COMPANY, FIDELITY AND DEPOSIT INSURANCE COMPANY and ST. PAUL MERCURY INSURANCE COMPANY,<br>    Defendants. | Case No. 1:14cv869 |

**MEMORANDUM OF LAW IN SUPPORT OF
FIFTH THIRD'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiffs Fifth Third Bancorp and Fifth Third Bank (collectively "Fifth Third") respectfully move for leave to file the proposed Second Amended Complaint, attached hereto in clean and red-line versions as Exhibit A and B, against Defendants Certain Underwriters at Lloyd's, subscribing to policy numbers B0509QA048710 and B0509QA051310, AXIS Insurance Company, Federal Insurance Company and Continental Insurance Company (also known as CNA Insurance Company) (collectively the "Insurers"). The proposed amendments seek solely to conform the pleadings to the evidence adduced through the discovery conducted to date on the claims at issue by deleting certain allegations. Pursuant to Local Rule 7.3(b), Fifth Third sought the Insurers' consent to this motion. As of the filing of this motion, the Insurers have not consented to it.

**BACKGROUND**

The present action arises from the Insurers' wrongful failure to pay Fifth Third's covered

3

losses under three Financial Institution Bonds that they issued to Fifth Third: (1) Financial Institution Bond identified as Market Reference No. B0509QA048710; (2) Financial Institution Bond identified as Market Reference No. B0509QA051310; and (3) Financial Institution Bond identified as 81906760 (collectively, the "Bonds"). Fifth Third's claim under the Bonds involves the dishonest and/or fraudulent acts committed by Fifth Third employee Matthew Ross in connection with a $100 million credit facility established for InsCap Management LLC's ("InsCap" or "Concord") to fund what became known as the Ultra Program.

The First Amended Complaint in this action included an allegation that the values of the life insurance policies originated through the Ultra Program were intentionally inflated ("Valuation Fraud"). (First Am. Complaint [Doc. No. 24] at ¶ 22(e)). Discovery that was conducted after the filing of the First Amended Complaint in this action and in separate litigation pending in Cook County, Illinois failed to uncover evidence to support any Valuation Fraud. Based on this discovery, Fifth Third now believes that the Ultra Program was not based on Valuation Fraud. As a result, Fifth Third seeks leave to amend their First Amended Complaint to remove the allegation of Valuation Fraud contained in paragraph 22(e) in order to conform the pleadings in this action to the evidence.

Fifth Third has already sought and obtained leave to amend its pleadings in the Cook County, Illinois litigation to eliminate any Valuation Fraud allegations. The proposed amendment is necessary to conform the First Amended Complaint to the pleadings in the Illinois litigation and to avoid any perceived inconsistencies between the pending actions. This amendment will not prejudice the Insurers as it will simply conform the pleadings to the evidence and not add any new allegations or theories of liability. Copies of clean and red-line versions of the proposed Second Amended Complaint are attached as <u>Exhibits A and B</u>.

## ARGUMENT

In recognition of the objective of the Federal Rules of Civil Procedure to make pleadings a vehicle for the proper presentation of a case rather than an end in themselves, the standard for granting leave to amend is an exceedingly liberal one. *Janikowski v. Bendix Corp.,* 823 F.2d 945, 951 (6th Cir. 1987) ("[I]t should be emphasized that the case law in this Circuit manifests 'liberality in allowing amendments to a complaint.'"); 3 Moore's Federal Practice, 15.02 (Matthew Bender 3d ed. 1997); Fed. R. Civ. P. 1 (stating that the Rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action"). Federal Rule of Civil Procedure 15(a)(2) provides that a court "should freely give leave [to amend] when justice so requires." The purpose of the liberal amendment standard "is to reinforce the principle that cases should be tried on their merits rather than on the technicalities of pleadings." *Janikowski* 823 F.2d at 951.

Accordingly, a motion for leave to amend should be denied only when the opposing party can demonstrate undue delay, dilatory motives, undue prejudice, bad faith, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Absent such a finding, "the leave sought should, as the rules require, be 'freely given.'" *Id.* at 182. Similarly, a motion for leave to amend a complaint after the deadline set forth in a scheduling order should be granted under Fed. R. Civ. P. 15(b)(4) when the plaintiff makes a showing of good cause. *Despres v. Moreno*, No. 1:15 CV 410, 2016 WL 6877100, at *3 (N.D. Ohio Nov. 21, 2016). An amendment to conform the pleadings to the evidence is proper at any time, even after judgment. *See* Fed. R. Civ. P. 15(b)(2); *J.C. Wyckoff & Associates v. Standard Fire Ins. Co.,* 936 F.2d 1474, 1489 (6th Cir. 1991) ("It is entirely appropriate to allow a party to amend its theories to conform to the evidence . . .").

Under these very liberal standards to amend, Fifth Third's Motion to Amend should be granted. The proposed amendment is a technical amendment to conform the pleadings to the evidence. As such: (i) Fifth Third has not unduly delayed in making this motion; (ii) there is no prejudice to the Insurers as the proposed amendment solely removes incidental and unnecessary allegations thereby narrowing the scope of the litigation; and (iii) granting the motion will promote judicial economy and the efficient use of resources.

*First,* the proposed amendment to remove the Valuation Fraud allegation is based on new and recently ascertained facts. As set forth above, it is only through recent discovery and investigation in this litigation and in the Illinois litigation that Fifth Third determined that the Ultra Program was not based on Valuation Fraud. Fifth Third is timely seeking to amend their First Amended Complaint to confirm to this evidence.

*Second,* omitting the allegation of Valuation Fraud will narrow the scope of Fifth Third's claim and the issues to be litigated in this action. The Insurers cannot demonstrate that "the amendment adversely affects [their] posture in the litigation." *United States v. Wood*, 877 F.2d 453,457 (6th Cir. 1989). To the contrary, the proposed amendment would ensure that the action will be tried on the merits of Fifth Third's claims by omitting extraneous allegations of Valuation Fraud. *Janikowski*, 823 F.2d at 951. Indeed, discovery is open for another three months, dispositive motions have not yet been filed, and the deadline for filing dispositive motions is over three months away. (*See* Doc. No. 76.)

*Finally*, the amendment will encourage judicial economy and the efficient use of resources because the parties and the Court will not expend unnecessary time and resources litigating incidental allegations that Fifth Third seeks to withdraw. Because Fifth Third seeks solely to remove the allegation of Valuation Fraud in a timely manner after learning of new facts

and because this amendment will streamline the litigation and cause no prejudice to any party, Fifth Third's Motion To Amend should be granted.

## CONCLUSION

For all the foregoing reasons, Fifth Third respectfully requests that its Motion for Leave to Amend be granted and allow Fifth Third to file the Second Amended Complaint attached as Exhibit B.

Dated:  December 14, 2016

                                              Respectfully submitted,

                                              /s/ Douglas R. Widin

                                              Mark J. Byrne (0029243)
                                              Kenneth F. Seibel (0025168)
                                              Jacobs Kleinman Seibel & McNally Co. L.P.A.
                                              30 Garfield Place, #905
                                              Telephone:  513-381-6600
                                              Facsimile:  513-381-4150
                                              mbyrne@jksmlaw.com
                                              kseibel@jksmlaw.com
                                              **TRIAL COUNSEL FOR PLAINTIFFS**

                                              Charles E. Turnbull
                                              Lawrence M. Scott
                                              Marc D. Kaszubski
                                              12900 Hall Rd., Suite 350
                                              Sterling Heights, MI 48313
                                              586-726-1000
                                              Fax: 586-726-1560
                                              cturnbull@orlaw.com
                                              cott@orlaw.com
                                              mkaszubski@orlaw.com
                                              **ADMITTED PRO HAC VICE**

                                              David Halbreich
                                              Traci Rea

                                        Douglas Widin
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: 213 457 8033
Facsimile: 213 457 8080
dhalbreich@reedsmith.com
dwidin@reedsmith.com
trea@reedsmith.com
**ADMITTED PRO HAC VICE**

**CERTIFICATE OF SERVICE**

   I hereby certify that on December 14, 2016, I electronically filed the foregoing Motion for Leave to File its Second Amended Complaint and accompanying Memorandum of Law with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

*Attorneys for Certain Underwriters at Lloyd's Subscribing to Policy Numbers B0509QA048710, B0509QA051310, and 81906760 and AXIS Insurance Company*

John W. Blancett
Christopher J. Losquadro
Christopher C. Novak
Sedgwick LLP
Brookfield Place
225 Liberty Street, 28th Floor
New York, NY 10281
Email: christopher.losquadro@sedgwicklaw.com
   christopher.novak@sedgwicklaw.com
   john.blancett@sedgwicklaw.com

David Paul Kamp
Brian David Goldwasser
Jean Geoppinger McCoy
White, Getgey & Meyer
1700 Central Trust Tower
1 West Fourth Street
Cincinnati, OH 45202
Email: dkamp@wgmlpa.com
   jmccoy@wgmlpa.com
   bgoldwasser@wgmlpa.com

*Attorneys for Continental Insurance Company; Fidelity and Deposit Insurance Company; St. Paul Mercury Insurance Company*

Luke John Busam
Julia Blackwell Gelinas
Bryan S Strawbridge
Frost Brown Todd
201 N. Illinois Street, Suite 1900
Indianapolis, IN 46244
Email: bstrawbridge@fbtlaw.com
   jgelinas@fbtlaw.com

      lbusam@fbtlaw.com

*Attorneys for RLI Insurance Company*

Robert W Hojnoski
Carrie Masters Starts
Nathan Andrew Lennon
Reminger Co., L.P.A.
525 Vine Street , Suite 1700
Cincinnati, OH 45202
Email: cstarts@reminger.com
      rhojnoski@reminger.com
      nlennon@reminger.com

Scott L. Schmookler
Regina A. Ripley
Ji-Yeon Suh
Gordon Rees Scully Mansukhani, LLP
One North Franklin, Ste. 800
Chicago, IL 60606
Email:  jsuh@gordonrees.com
      sschmookler@gordonrees.com
      rripley@gordonrees.com

                                            /s/ Douglas R. Widin