UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RLI INSURANCE COMPANY,

 Plaintiff,

vs.

FIFTH THIRD BANCORP,

 Defendant.

CASE NO. 1:14-cv-00802

Senior Judge Sandra S. Beckwith
Magistrate Judge Stephanie J. Bowman

---

FIFTH THIRD BANCORP, et al.,

 Plaintiff,

vs.

CERTAIN UNDERWRITERS AT
LLOYDS SUBSCRIBING TO POLICY
NUMBERS B0509QA48710 AND
B0509QA051310, et al.,

 Defendant

CASE NO. 1:14-cv-00869

Senior Judge Sandra S. Beckwith
Magistrate Judge Stephanie J. Bowman

ORDER

 Before the Court are Fifth Third's Objections (Doc. No. 64) to the Memorandum Order of the Magistrate Judge (Doc. No. 62). Continental Insurance Company, Fidelity and Deposit Insurance Company of Maryland, and St. Paul Mercury Insurance Company (collectively the

1

"Second Excess Insurance Carriers") have joined in Fifth Third's opposition to responses and replies and this matter is ripe for review. For the reasons set forth below, this Court finds that the Magistrate's order is not clearly erroneous or contrary to law and, therefore, Fifth Third's objections are denied in part, as ordered and recommended by the Magistrate.

BACKGROUND

The above two cases have been consolidated for purposes of discovery and pre-trial proceedings, without prejudice to any future motion to consolidate for trial. (Case No. 802, Doc. No. 27; Case No. 869, Doc. No. 33). The basis of the subject ruling are two motions relating to pretrial proceedings: 1) Defendants' Sealed Motion for Protective Order or to Stay Discovery and Bifurcate Plaintiff's "Bad Faith Claim" in Case No. 14-cv-869 and 2) Plaintiff RLI's Motion for Joinder in Certain Underwriters' Motion for Protective Order and in the Alternative to Stay and Bifurcate Plaintiffs' "Bad Faith Claim" on Case No. 14-cv-802.

This Court has reviewed the record for both cases, as well as all underlying motions, exhibits, responses, replies and the ensuing objections. It is evident that Magistrate Bowman has thoroughly set forth the facts and procedural posture of this matter in her Report and Recommendation. Therefore, in the interests of brevity, only a summary is provided here.

The claims herein arise from the actions of a Fifth Third loan officer who was formerly employed in the bank's structured finance group. Fifth Third alleges it suffered significant losses, in excess of $100 million, due to the loan officer's actions, which exceed the policy limits of all the financial bonds issued by the various entities. (Doc. No. 62). Allegations of breach of contract and bad faith, as well as questions concerning the extent of coverage, emerge from this

conduct and provide the backdrop for this matter. Bad faith has not been pleaded as a separate tort, however.

The first matter was filed by RLI Insurance Company ("RLI"), one of several insurers involved in a financial bond policy issued to Fifth Third Bancorp ("Fifth Third"). RLI seeks a declaratory judgment, Case No. 1:14-cv-802, finding that RLI is not obligated under the policy because it claims that Fifth Third was aware of the loss prior to the purchase of the bond and failed to present its claim timely. Fifth Third then filed Case No. 1:14-cv-869 against several other insurers that also issued and/or participated in additional financial bonds purchased by Fifth Third, and under which Fifth Third seeks to recover. Id.

The Defendants in Case No. 14-cv-869 filed a motion seeking a protective order or, in the alternative, to stay discovery and bifurcate Plaintiff's bad faith claim. (Case No. 11:14-cv-869, Doc. No. 53). Plaintiff RLI filed a similar motion and requested to join the Defendants' motion. (Case No. 1:14-cv-802, Doc. No. 44). The concomitant responses and replies have been filed as well. (Case No. 1:14-cv-802, Docs. No. 49, 60). For the purposes of this Order, the moving parties are referred to collectively as "the Insurers."

ANALYSIS

The Insurers specifically seek to stay and bifurcate as to discovery of privileged attorney-client materials, work product materials, and claims file materials. The Insurers assert that it will impede their defense of the potential bad faith claim and will extend already lengthy discovery in regard to claims that may become moot.

Fifth Third opposes these motions claiming that it is prejudicial to them to stay any further discovery as to the bad faith claim because significant discovery has already transpired

3

under previously agreed upon discovery parameters. Fifth Third further claims that the Magistrate's order is contrary to law because it does not make a finding pursuant to the factors of Fed. R. Civ. P. 42(b), as applied to Fifth Third.

Following a thorough and detailed review of the law and record, the Magistrate Judge recommended that the Insurers' motions to bifurcate and stay discovery be granted in part and denied in part. The order granted the motions to stay and/or bifurcate discovery on the bad faith issues until at least the filing of any dispositive motions on the underlying breach of contract claims. The Magistrate's order further stated that the issue of whether to bifurcate any bad faith issue for purposes of trial is reserved for the presiding trial judge, to allow for the consideration of any dispositive motions on the underlying breach of contract claims.

This issue is governed by Federal Rule of Civil Procedure 42(b), which places the decision as to whether or not to bifurcate within the discretion of the court. The rule provides that a court may bifurcate a matter "in the furtherance of convenience or to avoid prejudice" or when separation will be conducive to judicial economy. In re Bendectin Litigation, 857 F. 2d 290, 307 (6th Cir.1988). The Magistrate herein analyzed the facts of this matter under this standard and concluded that in the interests of convenience, avoidance of prejudice and judicial economy, this matter should be bifurcated as to discovery, leaving the option to reconsider whether bifurcation is needed until after dispositive motions have been decided. This Court has reviewed the record and finds that the Magistrate's factual analysis is accurate.

Moreover, review of the record reveals that the Magistrate applied and analyzed the facts under the appropriate standard of law to determine whether bifurcation would further the purposes of Fed. R. Civ. P. 42(b).

In a non-dispositive order entered by a magistrate judge, a district court shall consider objections thereto and shall modify or set aside any portion of the magistrate's order it finds to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). A finding is clearly erroneous when it leaves the reviewing court "with a definite and firm conviction that a mistake has been made." Heights Community Congress v. Hilltop Realty, Inc., 774 F.2d 135, 140 (6th Cir. 1985). The clearly erroneous standard only requires the reviewing court to decide if there is any evidence to support the magistrate's finding; it is not to substitute its own conclusion for that of the magistrate judge. Id.

This Court finds that the order of the Magistrate Judge was neither clearly erroneous nor contrary to law. Therefore, Fifth Third's objections to the Report and Recommendation are OVERRULED and the Memorandum Order is AFFIRMED, with the following amendment that the stay related to Fifth Third's bad faith allegations is extended until the filing of any dispositive motions.

SO ORDERED.

DATED: December 29, 2016.     s/ Sandra S. Beckwith
                                                                         Sandra S. Beckwith, Senior Judge
                                                                         United States District Court