IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |
|---|---|
| FIFTH THIRD BANCORP, an Ohio corporation, and FIFTH THIRD BANK, an Ohio banking corporation,<br><br>Plaintiffs,<br><br>-against-<br><br>CERTAIN UNDERWRITERS AT LLOYD'S SUBSCRIBING TO POLICY NUMBERS B0509QA048710, and B0509QA051310, AXIS INSURANCE COMPANY, ACE INSURANCE COMPANY, FEDERAL INSURANCE COMPANY, CONTINENTAL INSURANCE COMPANY, FIDELITY AND DEPOSIT INSURANCE COMPANY and ST. PAUL MERCURY INSURANCE COMPANY,<br><br>Defendants. | Civil Action No. 1:14-cv-869 |

## **UNDERWRITERS' MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AS TO RULE 30(B)(6) NOTICES**

David P. Kamp (OH 0020665)
Brian D. Goldwasser (OH0061926)
WHITE GETGEY & MEYER CO., L.P.A.
1700 Fourth & Vine Tower
One West Fourth Street
Cincinnati, OH 45202
dkamp@wgmlpa.com
jmccoy@wgmlpa.com
bgoldwasser@wgmlpa.com
Telephone (513) 241-3685

John W. Blancett (admitted *pro hac vice*)
Christopher Losquadro (admitted *pro hac vice*)
Christopher Novak (admitted *pro hac vice*)
William J. Brennan (admitted *pro hac vice*)
SEDGWICK LLP
john.blancett@sedgwicklaw.com

84207479v1

christopher.losquadro@sedgwicklaw.com
christopher.novak@sedgwicklaw.com
william.brennan@sedgwicklaw.com
225 Liberty Street, 28th Floor
New York, NY 10281
Telephone (212) 422-0202

*Attorneys for Certain Underwriters at Lloyd's Subscribing to Policy Numbers B0509QA048710 and B0509QA051310, AXIS Insurance Company, and Federal Insurance Company*

CONTENTS

I. PRELIMINARY STATEMENT ..................................................................................1

II. RELEVANT FACTUAL BACKGROUND..................................................................3

    A. Fifth Third's Breach of Contract Claim .................................................................3

    B. Fifth Third Agreed Not to Pursue Discovery From the Non-Lead Lloyd's Syndicates............................................................................................................3

    C. The Existing Protective Order ...............................................................................4

    D. The New 30(b)(6) Notices to Underwriters ..........................................................5

III. LEGAL STANDARD ...................................................................................................5

IV. ARGUMENT.................................................................................................................6

    A. Topics Relating to Claims Handling Are Irrelevant, Unduly Burdensome, and Already Stayed by the Court's July 27, 2016 Order ..............................................6

    B. The Topic Relating to Loss Reserves Is Already Stayed and Irrelevant...............7

    C. The Topics Relating to Bond Underwriting Are Irrelevant and Unduly Burdensome............................................................................................................8

    D. The Topic Relating to "All Documents Produced" Is Harassing and Unduly Burdensome............................................................................................................9

    E. Fifth Third's 30(b)(6) Notices to Chaucer, Novae, and Talbot Are Harassing and Unduly Burdensome.......................................................................................10

    F. Underwriters Should Be Awarded Their Costs and Fees Necessitated by this Motion...................................................................................................................11

V. CONCLUSION ...........................................................................................................11

## Table of Authorities

**Cases**

*Anderson v. Dillard's, Inc.*,
 251 F.R.D. 307 (W.D. Tenn. 2008) .................................................................................... 6

*Arrowood Indemnity Company v. United States Fire Insurance Co.*,
 2015 WL 12734893 (N.D. Ohio Apr. 4, 2015) .................................................................. 8

*Bondex Int'l, Inc. v. Hartford Acc. & Indem. Co.*,
 No. 1:03CV1322, 2006 WL 355289 (N.D. Ohio Feb. 15, 2006) ...................................... 8

*Dunson v. Home-Owners Ins. Co.*,
 2010 Ohio 1928, 2010 Ohio App. LEXIS 1596 (May 3, 2010) ....................................... 9

*Federal-Mogul U.S. Asbestos Personal Injury Trust v. Continental Cas. Co.*,
 666 F.3d 384 (6th Cir. 2011) .............................................................................................. 9

*Fidelity & Deposit Co. of Md. v. McCulloch*,
 168 F.R.D. 516 (E.D. Pa. 1996) ......................................................................................... 8

*First Horizon Nat'l Corp. v. Houston Cas. Co.*,
 No. 2:15-CV-2235-SHL-DKV, 2016 WL 5869580 (W.D. Tenn. Oct. 5, 2016) ............... 6

*Hodge v. Prater*,
 2014 WL 3537954, 2014-Ohio-3152 (Oh. Ct. App. 2014) ............................................... 8

*Independent Petrochem. Corp. v. The Aetna Cas. & Sur. Co.*,
 117 F.R.D. 283 (D.D.C. 1986) ........................................................................................... 8

*Leski, Inc. v. Federal Ins. Co.*,
 129 F.R.D. 99 (D.N.J. 1989) ............................................................................................... 8

*North American Specialty Ins. Co. v. Myers*,
 111 F.3d 1273 (6th Cir. 1997) ............................................................................................ 8

*Pollock v. State Farm Mut. Auto. Ins. Co.*,
 No. 2:11-cv-581, 2013 WL 1150734 (S.D. Ohio Mar. 19, 2013) ..................................... 8

*Shifrin v. Forest City Ents., Inc.*,
 64 Ohio St.3d 635 (1992) ................................................................................................... 8

*U.S. Fire Ins. Co. v. The City of Warren*,
 No. 2:10-cv-13128, 2012 WL 1454008 (E.D. Mich. Apr. 26, 2012) ............................... 8

**Rules**

Fed. R. Civ. P. 26(b)(1) .............................................................................................................. 6

Fed. R. Civ. P. 26(c)(1) .............................................................................................................. 5

Rule 30(b)(6) ..................................................................................................................... passim

Defendants Certain Underwriters at Lloyd's subscribing to Policy Numbers B0509QA048710[1] and B0509QA051310[2] (collectively "Lloyd's"), AXIS Insurance Company ("AXIS"), and Federal Insurance Company ("Federal") (Lloyd's, AXIS and Federal are collectively referred to herein as "Underwriters") respectfully submit this Memorandum of Law in support of their motion for a protective order regarding improper, irrelevant, overbroad and inappropriately vague Topics contained in identical Rule 30(b)(6) Deposition Notices that Fifth Third[3] served on each of the Lloyd's Syndicates, AXIS and Federal.

## I.  PRELIMINARY STATEMENT

This motion is necessitated by Fifth Third's repeated and improper attempts to obtain "bad faith" related discovery in direct violation of this Court's Order bifurcating and staying all such discovery. (Docket No. 70; 86 (affirmed by Beckwith, J.)). Many of the topics raised in Fifth Third's Rule 30(b)(6) Notices are virtually identical to the discovery sought in Fifth Third's previous deposition notices and demands specifically addressed by this Court's prior Order. For example, Fifth Third again seeks information about internal reserves, claims handling, and claims submitted by other insureds under "similar" bonds. Such demands are made even though this Court has already ruled that: (i) FTB has not asserted a claim for tortious bad faith; and (ii) all "bad faith" related discovery in the context of Fifth Third's cause of action for breach of contract has been stayed.

Moreover, Fifth Third also now seeks documents and testimony relating to the underwriting of the Bonds at issue in this case (as well as bonds issued to other insureds unrelated to this dispute). These demands are made even though Fifth Third has never claimed that any terms or conditions of

---

[1] Lloyd's Syndicates 2488 ("ACE") and 2007 ("Novae") subscribe to Policy Number B0509QA048710. ACE is the lead Lloyd's Underwriter for Policy Number B0509QA048710.
[2] Lloyd's Syndicates ACE, 1183 ("Talbot") and 1084 ("Chaucer") subscribe to Policy Number B0509QA051310. ACE is also the lead Lloyd's Underwriter for Policy Number B0509QA051310.
[3] Plaintiffs Fifth Third Bancorp and Fifth Third Bank are collectively referred to herein as "Fifth Third."

1

the Bonds are in any way unclear or ambiguous. Fifth Third has not plead any ambiguity in its Complaint or First Amended Complaint (or in its proposed Second Amended Complaint). Fifth Third's own "insurance coverage" expert has never identified any ambiguity (either in his report or his deposition testimony). As such, Fifth Third's claim for coverage can, and indeed under Ohio's Parol Evidence Rule must, be resolved solely by applying the facts and circumstances surrounding Fifth Third's alleged loan loss to the unambiguous terms of the Bonds. Moreover, extrinsic evidence cannot be used to create an ambiguity in an otherwise unambiguous insurance policy. Thus, Fifth Third's deposition Topics related to the underwriting of the subject Bonds (*i.e.*, Topics 1-5) are irrelevant to the determination of whether FTB's claim is covered under the Bonds, are not calculated to address any issue at stake in this case, and pose a substantial burden and expense on Underwriters without providing any potential benefit to the disposition of this case. Despite repeated requests, Fifth Third has refused to remove these Topics from its 30(b)(6) Notices.

Finally, Fifth Third now seeks to repudiate its prior agreement to limit discovery from Lloyd's to ACE, which acts as the "lead" for Lloyd's. Given ACE's role as the "lead" syndicate, such testimony would be duplicative and unnecessary and serve only to increase litigation costs for the parties. Accordingly, there is good cause for the Court to issue the protective order sought by Underwriters.

Based on all of the above, Underwriters have objected to Topics 1-6, 11-12, and 14-17 of Fifth Third's 30(b)(6) Deposition Notices, and respectfully request that this Court issue a protective order preventing Fifth Third from requiring testimony on each of these Topics. In addition, Lloyd's requests an order limiting Fifth Third to "leader-only" discovery of the Lloyd's Syndicates.

## II.  RELEVANT FACTUAL BACKGROUND

### A.  Fifth Third's Breach of Contract Claim

In this case Fifth Third seeks insurance coverage under three related Financial Institution Bonds (the "Bonds"[4]) for an alleged loss sustained on loans created for its customer, Concord Capital Management LLC ("InsCap").[5] Fifth Third's original and First Amended Complaint, as well as a proposed Second Amended Complaint, all allege a single count, for breach of contract relating to coverage under the Bonds. (*E.g.,* Docket No. 24). Fifth Third has never alleged that the Bonds are ambiguous in any respect.

### B.  Fifth Third Agreed Not to Pursue Discovery From the Non-Lead Lloyd's Syndicates

As noted above, ACE is the "lead" Lloyd's Syndicate for Policy Numbers B0509QA048710 and B0509QA051310. This means that ACE has the primary responsibility on behalf of Lloyd's for investigating claims under Policy Numbers B0509QA048710 and B0509QA051310. (Declaration of Brian D. Goldwasser ("Goldwasser Decl.") at ¶2). Thus, ACE, and other "following" Lloyd's Syndicates subscribing to Policy Numbers B0509QA048710 and B0509QA051310 (*i.e.*, Chaucer, Novae, and Talbot) have been jointly represented by the same counsel throughout this lawsuit, and the pre-litigation coverage position letters from Lloyd's were written on behalf of all of the Lloyd's Syndicates. Accordingly, in order to stream-line discovery and avoid duplicative paper and deposition discovery, counsel for Fifth Third agreed in May 2015 to "leader-only" discovery for all of the Lloyd's Syndicates. (Goldwasser Decl. at ¶3).

---

[4] The Bonds at issue in this case are comprised of primary, first excess, and second excess Financial Institution Bonds for the policy period of July 1, 2010 to July 1, 2011. The Bonds are attached as exhibits to the First Amended Complaint (Dkt. No. 24).

[5] Concord Capital Management, LLC was formerly known as InsCap Capital Management, LLC, and the proposed Second Amended Complaint and Fifth Third's present motion refer to this entity as "InsCap."

3

### C. The Existing Protective Order

When Fifth Third previously attempted to extract a "very broad" variety of information from Underwriters on the strength of its "bad faith" allegation, Underwriters filed a motion under Rule 26 for a protective order. (Docket No. 53). Among the discovery that Underwriters objected to was a Rule 30(b)(6) Notice directed – collectively – to the four Lloyd's syndicates. (Docket No. 53, Ex. 21 to Losquadro Declaration). This notice included topics such as:

> 45. The identification of the levels of reserve that have been set aside for Fifth Third's claim of coverage under the Bond policies for the fraud of Matthew Ross, and the material facts upon which Lloyds relied in establishing the reserves and/or valuation of the Fifth Third claim.
>
> …
>
> 50. The identification of any other claim made by an insured against Lloyds for payment under a Fidelity Bond similar in language to the one at issue in the present case between 2008 to 2011. (Docket No. 53, Ex. 21 to Losquadro Declaration).

Underwriters objected to these topics and raised them in their previous motion for a protective over. (Docket No. 53 at 7, 14-17). The scope of Fifth Third's objectionable discovery demands were detailed in an email from counsel for Fifth Third, dated December 20, 2015. (Docket No. 53 at 2, Ex. 23 to Losquadro Declaration). Accordingly, Underwriters also sought a protective order with respect to Fifth Third's demands for information about their claims files. (Docket No. 53 at 2, 7, 15-16). As summarized by the Court,

> Based upon the referenced allegation of bad faith, Fifth Third seeks very broad discovery of many documents that otherwise would be subject to privilege and/or potentially irrelevant to the underlying breach of contract claim. The Insurers' motions seek either a protective order or a stay and bifurcation of discovery that would include the production of claims files, including otherwise privileged material, RLI's attorney-client communications, privileged communications with other insurers, and fee bills for services rendered by outside counsel. In addition, the Insurers seek protection from disclosure to Fifth Third of their internal reserves related to the Fifth Third Claim, and object to disclosure of claims submitted by other insureds over a four-year period. (Docket No. 70, at 5-6 (footnote omitted and emphasis added)).

4

The Court agreed with Underwriters and stayed discovery as to all of these categories of discovery. (Docket No. 70, at 8-10 ("[D]iscovery that relates to Plaintiff's bad faith allegations is STAYED"). The Court's decision was affirmed by the District Court (Beckwith, J.) on December 29, 2016. (Docket No. 86).

**D.      The New 30(b)(6) Notices to Underwriters**

On December 15, 2016, Fifth Third served Underwriters, specifically including Chaucer, Novae, and Talbot, with notices of Rule 30(b)(6) depositions (the "30(b)(6) Notices"). The noticed topics for each defendant were the same.[6]

By email dated December 20, 2016, Underwriters objected to these 30(b)(6) Notices as to Topics 1-6, 10-15, and 17, as well as to any deposition of Chaucer, Novae, and Talbot. (Goldwasser Decl., Ex. B). By letter dated December 21, 2016, Fifth Third refused to retract any part of its 30(b)(6) Notices and indicated that it wished to proceed "on all noticed topics." (Goldwasser Decl., Ex. C). On January 13, 2017, Underwriters wrote to Fifth Third, continuing to object to deposition of Chaucer, Novae, and Talbot, as well as to Topics 1-6, 11-12, 14-15, and 17. (Goldwasser Decl., Ex. D). On January 20, 2017, Fifth Third confirmed that it would not retract any of these topics and continued to demand that Chaucer, Novae, and Talbot produce 30(b)(6) witnesses. (Goldwasser Decl., Ex. E). Given Fifth Third's refusal to compromise, this motion follows.

### III.      LEGAL STANDARD

Upon a showing of "good cause," the Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by, inter alia, "forbidding the disclosure or discovery [sought]" or "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1). Moreover, to be

---

[6] The Rule 30(b)(6) Notice to Novae is attached as Exhibit A to the Goldwasser Declaration as a representative example.

5

permitted, all discovery sought by Fifth Third must seek facts "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). If "an objection to the relevance of the sought discovery is raised, 'the party seeking discovery must demonstrate that the requests are relevant to the claims or defenses in the pending action.'" *First Horizon Nat'l Corp. v. Houston Cas. Co.*, No. 2:15-CV-2235-SHL-DKV, 2016 WL 5869580, at *4 (W.D. Tenn. Oct. 5, 2016) (quoting *Anderson v. Dillard's, Inc.,* 251 F.R.D. 307, 309-10 (W.D. Tenn. 2008)).

## IV.   ARGUMENT

**A.   Topics Relating to Claims Handling Are Irrelevant, Unduly Burdensome, and Already Stayed by the Court's July 27, 2016 Order**

Topics 6, 11-12, and 14-15 in Fifth Third's 30(b)(6) Notices require testimony about Underwriters' claims-handling with respect to Fifth Third's claim in this case, as well as to the claims of other insureds not party to this litigation.[7] First, implicit in the Court's July 27th Order is the determination that the "bad faith" discovery stayed by the Court would necessarily include discovery about Underwriters' claims-handling. (Docket No. 70 at 8-10). Underwriters raised the issue of a Fifth Third 30(b)(6) topic on claims under "similar" policies and the Court specifically noted that Underwriters were seeking to stay discovery "that would include the production of claims files." (Docket No. 70 at 5). Although Fifth Third suggests that the Court's July 27, 2017 Order is limited to a stay on discovery as to privileged matters only, this narrow reading of the Court's Order is implausible. The Court wrote that "discovery that relates to Plaintiff's bad faith allegations is

---

[7] On its surface, Topic 15 addresses Underwriters' marketing of fidelity bonds, but the only relevance of such testimony would be to contrast such marketing with the handling of Fifth Third's claim in order to imply bad faith.

6

STAYED until October 3, 2016, the current dispositive motion deadline"; there is no plausible reading of that order that limits it to privileged materials and information.[8] (Docket No. 70 at 10).

Second, Underwriters' claims-handling is irrelevant to any issue in this case because Fifth Third has made no claim for tortious bad faith. Accordingly, either the claim submitted by Fifth Third via its sworn Proof of Claim is covered under the Bonds, or it is not – the Underwriters' handling of the claim does not affect Fifth Third's coverage claim.

Third, putting aside the privilege issues that would be raised were Underwriters obligated to give testimony about their claims-handling in this case, it would be extraordinarily burdensome for Underwriters to produce witnesses able to testify about the claims-handling for all claims made under all "similar" policies (Topic 6), as well as about all of their internal policies and manuals relating to such other policies (Topic 14). Underwriters previously introduced a declaration from a Federal employee explaining the difficulty in identifying claims under "similar" policies. (Docket No. 53, Declaration of Michael Maillet). Thus, there is good cause for the Court to order that Fifth Third may not question Underwriters concerning Topics 6, 11-12, and 14-15 in Fifth Third's 30(b)(6) Notices.

**B.** **The Topic Relating to Loss Reserves Is Already Stayed and Irrelevant**

Topic 16 in Fifth Third's 30(b)(6) Notices requires testimony about the "loss reserves" that Underwriters' set with respect to the claim at issue. First, Underwriters sought a protective order concerning essentially the same 30(b)(6) Topic last year and the Court *granted* that motion – discovery about Underwriters' loss reserves has therefore been stayed by this Court. (Docket 70 at 8-10). Second, even were this not the case, information regarding reserves is considered irrelevant and privileged. *See, e.g., Bondex Int'l, Inc. v. Hartford Acc. & Indem. Co.*, No. 1:03CV1322, 2006 WL

---

[8] The October 3, 2016 deadline in this Order was later extended by the Court (Beckwith, J.) until whenever dispositive motions are determined.

355289, at *3 (N.D. Ohio Feb. 15, 2006); *U.S. Fire Ins. Co. v. The City of Warren*, No. 2:10-cv-13128, 2012 WL 1454008, at *10 (E.D. Mich. Apr. 26, 2012); *Fidelity & Deposit Co. of Md. v. McCulloch*, 168 F.R.D. 516, 525 (E.D. Pa. 1996); *Leski, Inc. v. Federal Ins. Co.*, 129 F.R.D. 99, 106 (D.N.J. 1989); *Independent Petrochem. Corp. v. The Aetna Cas. & Sur. Co.*, 117 F.R.D. 283, 288 (D.D.C. 1986). Thus, there is also good cause for the Court to order that Fifth Third may not question Underwriters concerning Topic 16 in Fifth Third's 30(b)(6) Notices.

C. **The Topics Relating to Bond Underwriting Are Irrelevant and Unduly Burdensome**

Topics 1-5 in Fifth Third's 30(b)(6) Notices demand that Underwriters produce a witness or witnesses to testify about every possible aspect of the "underwriting, renewal, or issuance" of the Bonds. Yet no claim or defense in this case involves the underwriting of the Bonds, and no party in this case has asserted that the Bonds are ambiguous. Ohio law plainly recognizes that the Parol-Evidence Rule precludes extrinsic evidence to vary or contradict the express terms of a contract. Thus, in the insurance context, when a policy is unambiguous, evidence regarding the purported meaning of policy language is not relevant. *See, e.g., North American Specialty Ins. Co. v. Myers*, 111 F.3d 1273, 1281 (6th Cir. 1997) (expert testimony to interpret contract language is inadmissible); *Pollock v. State Farm Mut. Auto. Ins. Co.*, No. 2:11-cv-581, 2013 WL 1150734, at *6 (S.D. Ohio Mar. 19, 2013) (extrinsic evidence is irrelevant where policy language is unambiguous). Moreover, extrinsic and parol evidence cannot be used to create an ambiguity in an otherwise unambiguous insurance policy. *See Hodge v. Prater*, 2014 WL 3537954, 2014-Ohio-3152, ¶ 23 (Oh. Ct. App. 2014) ("Under Ohio law, "[i]f no ambiguity appears on the face of the instrument, parol evidence cannot be considered in an effort to demonstrate such an ambiguity") (quoting *Shifrin v. Forest City Ents., Inc.*, 64 Ohio St.3d 635, 638 (1992)); *Arrowood Indemnity Company v. United States Fire Insurance Co.*, 2015 WL 12734893, at *4 (N.D. Ohio Apr. 4, 2015) (granting summary judgment to insured and refusing to consider extrinsic evidence offered to "to demonstrate an

8

ambiguity, [because that is] exactly what *Shifrin* prohibits") (citing *Shifrin v. Forest City Ents., Inc.*, 64 Ohio St. 3d 635 (1992)); *Dunson v. Home-Owners Ins. Co.*, 2010 Ohio 1928, 2010 Ohio App. LEXIS 1596 (May 3, 2010) (affirming protective order to preclude discovery of drafting history absent finding of ambiguity). *Cf. Federal-Mogul U.S. Asbestos Personal Injury Trust v. Continental Cas. Co.*, 666 F.3d 384 (6th Cir. 2011) (applying Michigan law to reject insured's request for discovery into the parties' intent behind the insurance policy because "courts cannot look to extrinsic testimony to determine [parties'] intent when the words used by them are clear and unambiguous and have a definite meaning'" (internal quotation and citation omitted)).

Finally, the breadth of Topic 4, which seeks testimony about any kind of underwriting material that relates to any type of insurance policy that is even "similar" to the Bonds at issue, makes it improperly burdensome for the reasons identified previously to the Court. (Docket No. 53, Declaration of Michael Maillet). Accordingly, Underwriters have shown good cause for the Court to order that Fifth Third may not question Underwriters concerning Topics 1-5 in Fifth Third's 30(b)(6) Notices.

### D.     The Topic Relating to "All Documents Produced" Is Harassing and Unduly Burdensome

Topic 17 in Fifth Third's 30 (b)(6) Notices demands that Underwriters produce witnesses able to testify about "all documents produced" including the "source(s) of such documents." First, this "topic" fails to give any reasonable notice of whether Fifth Third intends to ask questions about the contents of "all documents," or merely their provenance. Second, if Topic 17 permits Fifth Third to ask any question about the content of any document produced by the Underwriters, then the topic is obviously unduly burdensome and harassing. If, on the other hand, Topic 17 merely asks about the source of documents, this topic is either irrelevant or better posed as an interrogatory. The Court

9

should therefore bar Fifth Third from questioning Underwriters concerning Topic 17 in Fifth Third's 30(b)(6) Notices.

### E. Fifth Third's 30(b)(6) Notices to Chaucer, Novae, and Talbot Are Harassing and Unduly Burdensome

Fifth Third previously agreed in May 2015 that it would limit discovery directed to Lloyd's to the lead Lloyd's syndicate (*i.e.*, ACE) in order to stream-line discovery and avoid duplicative discovery and depositions. This agreement was particularly reasonable given that Federal, AXIS, and all of the Lloyd's Syndicates were represented by the same law firm and have always taken the same coverage position in letters to Fifth Third that were written on behalf of all Underwriters, including the lead and the following syndicates. Thus, for example, in its initial round of Rule 30(b)(6) Notices, Fifth Third served a single 30(b)(6) Notice on all of the Lloyd's entities jointly. (Docket No. 53, Ex. 21 to Losquadro Declaration).

Despite this agreement, Fifth Third now insists that it must depose all four Lloyd's entities separately. Because any testimony of the following syndicates would merely duplicate the testimony of ACE, the lead syndicate, Fifth Third's position is transparently harassing. The relevant witnesses for ACE, Chaucer, Novae and Talbot are all located in London, England. The Lloyd's Syndicates have stated that they will bring to the United States Nick Barron to testify on behalf of ACE. If all members are required to be deposed, international travel will be required at great expense to cover topics that are identical and governed by ACE's response. As such, Fifth Third's interest in pursuing duplicative testimony, moreover, especially in light of the prior agreement to avoid such duplication, strongly suggests that Fifth Third is more interested in harassing Underwriters than in efficiently obtaining relevant information. These circumstances show more than sufficient good cause for the Court to order that Fifth Third may not depose Chaucer, Novae, and Talbot pursuant to Fifth Third's 30(b)(6) Notices.

**F.      Underwriters Should Be Awarded Their Costs and Fees Necessitated by this Motion**

Rule 26(c)(3) makes Rule 37(a)(5) applicable to the award of expenses. If this motion is granted, Rule 37(a)(5)(A) provides that "the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both" should presumptively pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.[9] For the reasons outlined above, Fifth Third's overbroad and irrelevant 30(b)(6) Notices necessitated this motion. Moreover, the fact that a number of Fifth Third's noticed topics also violated the Court's previous protective Order militates in favor of fee-shifting in order to deter continued violations by Fifth Third. Accordingly, Underwriters request that the Court order Fifth Third to pay the reasonable fees and costs incurred by them in bringing this motion.

**V.      CONCLUSION**

For all of the foregoing reasons, Underwriters respectfully request that the Court enter an order granting Underwriters a protective order under Rule 26(c)(1): (1) prohibiting Fifth Third from deposing, or serving further discovery demands on, Chaucer, Novae, and Talbot; (2) striking Topic Nos. 1-5, 6, 11-12, and 14-17 from the 30(b)(6) Notices served on Underwriters; and (3) ordering Fifth Third to pay the reasonable fees and costs incurred by Underwriters in bringing this motion; and for such other and further relief as the Court deems just and equitable.

Dated:    January 23, 2017
          New York, New York

---

[9] "But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

11

Respectfully submitted,

  /s/ William J. Brennan
David P. Kamp (OH 0020665)
Jean Geoppinger McCoy (OH 0046881)
Brian D. Goldwasser (OH0061926)
WHITE GETGEY & MEYER CO., L.P.A.
1700 Fourth & Vine Tower
One West Fourth Street
Cincinnati, OH 45202
dkamp@wgmlpa.com
jmccoy@wgmlpa.com
bgoldwasser@wgmlpa.com
Telephone (513) 241-3685
*Attorneys for Certain Underwriters at Lloyd's Subscribing to Policy Numbers* B0509QA048710 *and B0509QA051310, AXIS Insurance Company, and Federal Insurance Company*

John W. Blancett (admitted *pro hac vice*)
Christopher Losquadro (admitted *pro hac vice*)
Christopher Novak (admitted *pro hac vice*)
William J. Brennan (admitted *pro hac vice*)
SEDGWICK LLP
john.blancett@sedgwicklaw.com
christopher.losquadro@sedgwicklaw.com
christopher.novak@sedgwicklaw.com
william.brennan@sedgwicklaw.com
225 Liberty Street, 28th Floor
New York, NY 10281
Telephone (212) 422-0202

*Attorneys for Certain Underwriters at Lloyd's Subscribing to Policy Numbers B0509QA048710 and B0509QA051310, AXIS Insurance Company, and Federal Insurance Company*

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the following was served this 23rd day of January, 2017 by electronic transmission and ECF upon counsel.

*/s/ William J. Brennan*
William J. Brennan, Esq.

12