IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| FIFTH THIRD BANCORP, an Ohio corporation, and FIFTH THIRD BANK, an Ohio banking corporation, | : : : | Civil Action No.: 1:14-cv-869-TSB-SKB |
| | : | Judge Timothy S. Black |
| Plaintiffs, | : : | Magistrate Judge Stephanie K. Bowman |
| | : | |
| v. | : | |
| | : | |
| CERTAIN UNDERWRITERS AT LLOYD'S SUBSCRIBING TO POLICY NUMBERS B0509QA048710 and B0509QA051310, AXIS INSURANCE COMPANY, FEDERAL INSURANCE COMPANY, CONTINENTAL INSURANCE COMPANY, FIDELITY AND DEPOSIT INSURANCE COMPANY and ST. PAUL MERCURY INSURANCE COMPANY, | : : : : : : : : : : | |
| | : | |
| Defendants. | : | |

**SECOND EXCESS INSURANCE CARRIERS' NOTICE OF
JOINDER IN UNDERWRITERS' REPLY IN SUPPORT OF MOTION
FOR PROTECTIVE ORDER AS TO RULE 30(B)(6) NOTICES**

Continental Insurance Company, Fidelity and Deposit Insurance Company of Maryland, and St. Paul Mercury Insurance Company (collectively, the "Second Excess Insurance Carriers"), by counsel, respectfully join in the Reply in Support of Motion for Protective Order as to Rule 30(b)(6) Notices (Dkt. No. 105) filed by Certain Underwriters at Lloyds Subscribing to Policy Numbers B0509QA048710 and B0509QA051310, Axis Insurance Company and Federal Insurance Company (collectively, the "Underwriters"). For the reasons articulated by Underwriters, Second Excess Insurance Carriers join in and request that the Court enter a protective order as requested by Underwriters. In addition, Second Excess Insurance Carriers provide the below information specific to their unique position.

1.      Underwriters filed their Motion for Protective Order on January 23, 2017 (Dkt. No. 98), seeking various relief related to the Rule 30(b)(6) notices served by Fifth Third Bank and Fifth Third Bancorp Bank (collectively, the "Bank").  Second Excess Insurance Carriers joined in the Motion on January 26, 2017 (Dkt. No. 99), stating that they had been served with notices that were virtually identical to the ones served on Underwriters, and "incorporate[d] the arguments posed by Underwriters with respect to the Rule 30(b)(6) topics noticed by the Bank, and join[ed] in the request that such topics be struck. . . ."  (*Id*. at pp.1−2.)

2.      Second Excess Insurance Carriers further submitted, as Exhibit 2 to its Declaration thereto, correspondence dated January 19, 2017 from counsel for Second Excess Insurance Carriers to counsel for the Bank expressing similar concerns related to the Rule 30(b)(6) topics. (*See* Dkt. No. 99-1, p.12.)  Second Excess Insurance Carriers also disclosed to the Court that the Bank had not responded to such correspondence and, therefore, their joinder was limited to those issues that "mirror the objections raised in Underwriters' Motion."  (*See* Dkt. No. 99, p.2, at footnote 3.)  Recognizing that the Bank had not yet responded to the January 19, 2017 letter, Second Excess Insurance Carriers did not request that the Court consider any issues in their letter that went beyond the issues raised by Underwriters in their Motion.  (*Id*.)

3.      Despite the clearly expressed language in the joinder filed by Second Excess Insurance Carriers, the Bank chose to raise and argue issues that have not otherwise been placed before the Court without first responding to Second Excess Insurance Carriers' January 19, 2017 letter.  Specifically, in footnote 4 of its Response, and later page 18, the Bank accuses Second Excess Insurance Carriers of failing to comply with the meet and confer process simply because the January 19, 2017 letter referenced several disputes separate from the issues raised by Underwriters in their Motion.  (*See* Dkt. No. 101, p.4, at footnote 4.)  The Bank mischaracterized the relief requested by Second Excess Insurance Carriers.  As stated above, Second Excess

Insurance Carriers have not raised these separate issues with the Court and have not requested relief regarding any dispute identified in their January 19, 2017 letter beyond what is being requested by Underwriters. The Bank has still not responded to Second Excess Insurance Carriers' January 19, 2017 letter. If the Bank responds, the Second Excess Insurance Carriers can reassess their options regarding their dispute. In the interim, the Second Excess Insurance Carriers reserve all rights regarding these separate issues.

4.      Finally, on page 18, the Bank references a separate issue raised in the January 19, 2017, that Second Excess Insurance Carriers "have not agreed that coverage determinations made with respect to the first and second layers of coverage will apply to them as well." (*Id*. at p.18.) Setting aside whether it is appropriate for the Bank to raise this issue, the Bank appears to be representing to the Court that the Bank requested and Second Excess Insurance Carriers refused to agree with such a proposition. As the Bank knows, this is not true. Second Excess Insurance Carriers repeatedly requested that the Bank consider reaching such an agreement in order to avoid the considerable time and expense of unnecessary discovery, and the Bank has responded that it is not interested in entering into any such discussions.

For these reasons and those articulated by Underwriters, Second Excess Insurance Carriers join in and request the Court to enter a protective order as requested by Underwriters.

FROST BROWN TODD LLC

*/s/  Bryan S. Strawbridge*
Julia Blackwell Gelinas (*pro hac vice*)
Bryan S. Strawbridge (*pro hac vice*)
201 N. Illinois Street, Suite 1900
Indianapolis, Indiana 44961
(317) 237-3800
(317) 237-3900 (fax)
jgelinas@fbtlaw.com
bstrawbridge@fbtlaw.com

Luke J. Busam (0082339)
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
(513) 651-6800
(513) 651-6981 (fax)
lbusam@fbtlaw.com

*Attorneys for Defendants Continental
Insurance Company, Fidelity and Deposit
Insurance Company of Maryland and St.
Paul Mercury Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of February, 2017, the foregoing was filed electronically with the Clerk of the Court which will send notifications of such filing to the following counsel registered with the Court's CM/ECF system:

Charles E. Turnbull
Marc D. Kaszubski
Lawrence M. Scott
O'Reilly Rancilio P.C.
cturnbull@orlaw.com
mkaszubski@orlaw.com
lscott@orlaw.com
*Attorneys for Fifth Third Bancorp and Fifth Third Bank*

Kenneth Franklin Seibel
Mark Joseph Byrne
Jacobs, Kleinman, Seibel & McNally
kseibel@jksmlaw.com
mbyrne@jksmlaw.com
*Attorneys for Fifth Third Bancorp and Fifth Third Bank*

Traci S. Rea
David M. Halbreich
Douglas R. Widin
Reed Smith
trea@reedsmith.com
dhalbreich@reedsmith.com
dwidin@reedsmith.com
*Attorneys for Fifth Third Bancorp and Fifth Third Bank*

Brian David Goldwasser
David Paul Kamp
Jean Geoppinger McCoy
White Getgey & Meyer Co. LPA
bgoldwasser@wgmlpa.com
dkamp@wgmlpa.com
jmccoy@wgmlpa.com
*Attorneys for Certain Underwriters at Lloyd's*

Carrie Masters Starts
Nathan Andrew Lennon
Robert W Hojnoski
Reminger Co., L.P.A.
cmasters@reminger.com
nlennon@reminger.com
rhojnoski@reminger.com
*Attorneys for RLI Insurance Co.*

Ji-Yeon Suh
Regina A. Ripley
Scott L. Schmookler
Gordon Rees Scully Mansukhani, LLP
jsuh@gordonrees.com
rripley@gordonrees.com
sschmookler@gordonrees.com
*Attorneys for RLI Insurance Co.*

Christopher J. Losquadro
John W. Blancett
Christopher C. Novak
William J. Brennan
Sedgwick LLP
Christopher.losquadro@sedgwicklaw.com
John.blancett@sedgwicklaw.com
Christopher.novak@sedgwichlaw.com
William.brennan@sedgwicklaw.com
*Pro Hac Vice Attorneys for Certain Underwriters at Lloyd's*

/s/  Bryan S. Strawbridge
*Bryan S. Strawbridge*